JOHN F. McKEOWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKeown v. Commissioner
Docket No. 9180-83.
United States Tax Court
T.C. Memo 1985-74; 1985 Tax Ct. Memo LEXIS 560; 49 T.C.M. (CCH) 781; T.C.M. (RIA) 85074; February 20, 1985. John F. McKeown, pro se. Reid M. Huey, for the respondent. JACOBS MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for 1980 and 1981, and additions to tax, as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec.6653(a) [1]
1980
$7,560.58
$1,432.58
$378.03
1981
12,268.93
2,809.96
613.45 The issues which we must decide are (1) whether petitioner is liable for income tax on his wages, (2) whether petitioner is liable for an *562 addition to tax under section 6651 (a)(1) for failing to file a tax return without reasonable cause, (3) whether petitioner is liable for an addition to tax under section 6653(a) for underpaying income tax due to an intentional disregard of the law, and (4) whether petitioner is liable for damages to the United States under section 6673. FINDING OF FACTS Petitioner, John F. McKeown, resided in Crown Point, Indiana, at the time he filed the petition herein. During 1980, petitioner was employed by the Youngstown Sheet and Tube Co.; during 1981, he was employed by Jones & Laughlin Steel, Inc. For those years, he received wages, interest and unemployment compensation as follows: 1980
1981
Wages
$25,141.17
$35,505.47
Interest
402.00
282.00
Unemployment Compensation
807.00
Petitioner failed to file income tax returns for both years at issue. On both July 13, 1981, and January 22, 1982, he filed Form W-4's (Employee's Withholding Allowance Certificate) with his employer, claiming he was exempt from withholding on the basis of having had no income tax liability the previous year and anticipating none for the then current year. On March 8, 1983, respondent *563 mailed to petitioner a timely Notice of Deficiency determining a deficiency in income tax for both 1980 and 1981, as well as additions to tax under sections 6651(a)(1) and 6653(a) on the basis of the foregoing. On April 25, 1983, petitioner timely filed his petition contesting these deficiencies. Prior to answering the petition, respondent mailed to petitioner on June 3, 1983 a letter informing petitioner that respondent would request in his answer that this Court impose damages under section 6673 since he considered petitioner's arguments frivolous. The letter quotes that section and describes holdings of this Court and others that establish the invalidity of those arguments of petitioner, with appropriate cites. OPINION Petitioner's arguments include allegations that (1) the Tax Court has no jurisdiction over him, (2) he is not a person and therefore not subject to tax, (3) wages are not income since such were received in an exchange for labor, (4) the Federal Reserve notes (i.e. the cash) he received is not money, (5) the payment of income taxes is voluntary and he does not wish to volunteer, and (6) respondent has not proven the income tax liability of petitioner. *564 The first five of these arguments have been addressed in the past, and each has been consistently recognized as the nonsense they truly represent. The Tax Court has jurisdiction to determine the correct amount of the deficiency. See secs. 6214(a) and 7442. Petitioner is clearly a person subject to the Internal Revenue Code. Sec. 6012; . Wages and interest are income (sec. 61), as is unemployment compensation (sec. 85). See Federal Reserve notes, the legal tender of this country, are money. . The concept of voluntary compliance does not refer to whether one volunteers to be liable for tax only that one voluntarily reports and remits his tax due. In the absence of such voluntary compliance, the government may force compliance. Finally, the burden is on petitioner to prove that respondent's determination is incorrect. ; Rule 142(a). Respondent need not prove his correctness. Petitioner having failed to support his burden, we sustain respondent's *565 deficiency determination. We also sustain respondent's determinations of additions to tax under both sections 6651(a)(1) and 6653(a). Petitioner has failed to file income tax returns for 1980 and 1981 without reasonable cause. The burden is on petitioner to prove he had reasonable cause to not file the income tax returns he was otherwise required to file. ; Rule 142(a). Petitioner introduced no evidence that would excuse his noncompliance with his legal duty beyond his frivolous arguments. Therefore, he is liable under section 6651(a)(1). It is also apparent to us that petitioner knew of his legal duty to pay taxes and intentionally disregarded the law dictating this duty. Therefore he is liable under section 6653(a) for having underpaid his tax. Finally, we award damages to the United States in the amount of $5,000 for the institution and maintenance of a proceeding in which petitioner's position is both frivolous and groundless. Sec. 6673. None of the arguments presented by petitioner has any basis in law nor did he have any reason to suspect that they did; these very same arguments have been rejected *566 repeatedly with the same admonition that we make herein. Petitioner was aware of these previous cases; he was notified of them by respondent in respondent's letter of June 3, 1983 and he proceeded with his argument nevertheleses, simply to delay collection of the tax due from him. At best, petitioner is misguided and foolish. Petitioner's actions have resulted in a prodigal waste of limited judicial and administrative resources; therefore, he must bear the consequences. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩