**John F. McKEOWN, Plaintiff,**

v.

**The LTV STEEL CO., et al.,
Defendants.**

**Civ. No. H 87–00039.**

United States District Court,
N.D. Indiana,
Hammond Division.

Sept. 17, 1987.

**140**

John F. McKeown, Crown Point, Ind., pro se.

David Cerven, Thomas, Burke, Dyerly & Cuppy, Merrillville, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on defendant Metropolitan Life Insurance Company's motion for summary judgment and sanctions originally filed on February 24, 1987.[1] Plaintiff John F. McKeown, proceeding *pro se*, filed his affidavit and objection to Metropolitan's motion on July 10, 1987. For the reasons discussed below, Metropolitan's motion for summary judgment and sanctions is GRANTED.

### I.

Plaintiff McKeown and his protestations against the federal tax laws are no stranger to this and other courts. *See McKeown v. Ott*, Cause No. H 84–169, slip op. (N.D. Ind. Oct. 30, 1985) (Kanne, J.) (dismissed as frivolous with threat of Fed.R.Civ.P. 11 sanctions); *McKeown v. Internal Revenue Service*, ·Cause No. H 82–505 (N.D.Ind. 1984) (Kanne, J.) (dismissed by district court and dismissed as frivolous on appeal); *McKeown v. Commissioner of Internal Revenue*, 49 T.C.M. 781 (1985) [Available on WESTLAW FTX–TCT database] (available on LEXIS) (upholding a tax-deficiency determination for 1981 & 1982). The facts of this case require the court to revisit McKeown's previous attempts to avoid and impede the legitimate administration of the federal income tax laws.

In February of 1985, the United States Tax Court upheld Internal Revenue Service ("IRS") deficiency and penalty determinations in excess of $20,000 against McKeown for the calendar years 1980 and 1981.[2] *See McKeown v. Commissioner of*

1. Because Metropolitan submitted affidavits and other materials not included in the pleadings of this case, the court, in an order issued June 15, 1987, converted defendant's dismissal motion into a summary judgment motion pursuant to Fed.R.Civ.P. 12(b). *See also Roman v. U.S. Postal Service*, 821 F.2d 382, 385 (7th Cir.1987). Moreover, because plaintiff McKeown was, and still is, proceeding *pro se*, the court, in accord with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), notified McKeown of the consequences of his failure to respond to Metropolitan's opposing affidavits filed with its dispositive motion. *Id.* at 102–03. McKeown filed a counter affidavit on July 10, 1987.

Also, at the time of McKeown's filing, LTV was in bankruptcy and was not required to respond to the complaint. 11 U.S.C. § 362(a). Plaintiff's prosecution of his case against Metropolitan is not barred by the bankruptcy stay in favor of LTV. *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir.), *cert. denied sub nom., Pitts v. GAF Corp.*, 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983).

2. In addition, the Tax Court ordered damages in favor of the United States and against McKeown in the sum of $5,000.00 because it found his position to be frivolous and groundless. *McKeown v. Commissioner of Internal Revenue, supra.*

*Internal Revenue, supra.* Before the Tax Court ruled on McKeown's 1980 and 1981 deficiencies, the IRS attempted to collect the deficiencies by imposing a tax levy on McKeown's salary from his employer, LTV Steel Corporation. In an effort to avoid this garnishment, McKeown filed in. Indiana state court to restrain the IRS and LTV from issuing and enforcing the tax levy. Defendants in that action removed to federal court and on October 30, 1985, this court dismissed McKeown's action with prejudice. *McKeown v. Ott, supra.*

On June 18, 1985, the IRS served on Metropolitan a Notice of Levy dated June 11, 1985. The notice attached a Metropolitan Life insurance policy, pursuant to 26 U.S.C. § 6332,[3] which was owned by McKeown. Over a period of several months, McKeown wrote numerous letters to Metropolitan demanding that it not honor the Notice of Levy for various reasons, including:

(1) the tax deficiency giving rise to the Notice of Levy was erroneous;

(2) plaintiff had sued the Internal Revenue Service in this Court, Civil Cause No. H 84–169, to restrain the enforcement of the Notice of Levy;

(3) the Levy procedure does not comport with due process requirements;

(4) plaintiff is not a "person" subject to levy; and

(5) the federal income tax laws are unconstitutional because the 16th Amendment to the Constitution was not properly ratified by the several states.

After notifying McKeown that it would comply with the Notice of Levy unless restrained from doing so by a court order or the IRS, Metropolitan, on October 7, 1985, paid the IRS $2,022.29, representing the loan value of McKeown's policy. McKeown then filed, on December 22, 1986,[4] in state court seeking $3,250,000.00 for emotional stress suffered as a result of Metropolitan's compliance with the IRS Notice of Levy. Metropolitan removed to this federal court on January 27, 1987, and filed its present summary judgment motion on February 24, 1987.

## II.

McKeown's complaint in this action represents his fourth attempt to challenge the propriety of his tax deficiencies for the years 1980 and 1981. In his last attempt, Judge Kanne explained to McKeown why his challenges to the tax deficiencies were meritless.

---

3. Section 6332 provides in part:

(1) **In general.**—A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary or his delegate for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary of his delegate that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) **Satisfaction of levy.**—Such levy shall be deemed to be satisfied if such organization pays over to the Secretary or his delegate the amount which the person against whom the tax is assessed could have had advance to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (in-

cluding contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323(i)(1) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) **Enforcement proceedings.**—The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

26 U.S.C. § 6332(b)(1), (3).

4. It appears that McKeown filed this case in state court in order to avoid the strictures of Judge Kanne's order of dismissal in *McKeown v. Ott, supra.* In his order, Judge Kanne stated that he would abstain from ordering Rule 11 sanctions provided McKeown did not try to relitigate the validity the tax levy in another court. *Id.* slip op. at 5–6.

Plaintiff's pleadings contain the familiar discredited arguments raised by persons who do not believe, for whatever misguided reason, in this government's taxation system. For example, plaintiff's pleadings contain the following arguments: "wages are not taxable income"; a "natural person" is not an employee subject to withholding taxes; "Title 26 of the United States Code is not law"; and, payment of taxes is purely voluntary and plaintiff did not "volunteer as a taxpayer". The foregoing arguments and other positions taken by the plaintiff have been clearly and repeatedly rejected by this and every other court to review them. *See, e.g., Edgar v. Inland Steel Co.,* 744 F.2d 1276, 1278 n. 4 (7th Cir.1984); *Pazdur v. Blaw-Knox Foundry and Mill Machinery,* 765 F.2d 86 (7th Cir.1985). (Copies of these opinions of the Seventh Circuit Court of Appeals are attached for petitioner's benefit at Appendix A and B.)

*McKeown v. Ott,* slip op. at 2. Despite Judge Kanne's explanation, McKeown's present claim demonstrates that he either does not understand or does not care that his claims are frivolous. McKeown is collaterally estopped from relitigating those issues already decided. *Gilldorn Savings Ass'n v. Commerce Savings Ass'n.,* 804 F.2d 390, 392 (7th Cir.1986); *Ferrell v. Pierce,* 785 F.2d 1372, 1384 (7th Cir.1986).[5]

■ McKeown seeks damages in what purports to be a state-law tort action for the infliction of emotional distress. Whatever his claim, this court, like the ones before, finds that a defendant like Metropolitan is immune from liability for its compliance with an IRS tax levy. *McKeown v. Ott,* slip op. at 4–5; *see also* 26 U.S.C. § 6332(d);[6] *Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir.1986) (finding that the tax levy procedures were not violative of due process and that individuals who comply with such levies are immune from liability). Therefore, the court finds that Metropolitan is immune from McKeown's claims and is entitled to summary judgment.[7]

## III.

■ Metropolitan also seeks an award of sanctions under Fed.R.Civ.P. 11. The arguments put forth by McKeown are frivolous; they have been raised in and rejected by courts in this circuit and others on countless occasions. *Coleman v. C.I.R.,* 791 F.2d 68, 72 (7th Cir.1986). As the *Coleman* court stated:

The purpose of ... Rules 11 ... is to induce litigants to conform their behavior to the governing rules regardless of their subjective beliefs. Groundless litigation diverts the time and energies of judges for more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges

---

**5.** Four criteria must be established before the doctrine of collateral estoppel is invoked: (1) the party against whom the estoppel is asserted was a party to the prior adjudication; (2) the issue was actually litigated and decided on the merits in the prior proceeding; (3) the resolution of the issue in the prior litigation was necessary to the court's judgment; and (4) the issue at stake is identical to the one involved in the prior proceeding. *Gilldorn,* 804 F.2d at 392; *County of Cook v. Midcon Corp.,* 773 F.2d 892, 898 (7th Cir.1985). The court finds that these requirements are all present here.

**6.** Section 6332(d) provides:

**Effect of Honoring Levy.**—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary or his delegate, surrenders such property or rights to property

(or discharges such obligation) to the Secretary or his delegate (or who pays a liability under subsection (c)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment. In the case of a levy which is satisfied pursuant to subsection (b), such organization shall also be discharged from any obligation or liability to any beneficiary arising from such surrender or payment.

26 U.S.C. § 6332(d).

**7.** The court also GRANTS summary judgment for defendant LTV. LTV is presently in bankruptcy and not required to respond to McKeown's complaint. 11 U.S.C. § 362(a). Nevertheless, the *sua sponte* grant of summary judgment for LTV is proper even though it has not sought such relief. *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 279 (7th Cir.1986).

and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. Taxes are onerous, no doubt, and the size of the tax burden gives people reason to hope that they can escape payment. Self-interest calls forth obtuseness. An obtuse belief—even if sincerely held—is no refuge, no warrant for imposing delay on the legal system and costs on one's adversaries. The more costly obtuseness becomes, the less there will be.

*Id.* at 72–73.

As mentioned earlier, Judge Kanne withheld sanctions against McKeown provided he refrain "from taking any further action with regard to claims related to his views on the tax laws of the United States in either federal or state court." *McKeown v. Ott*, slip op. at 6. Because McKeown has disobeyed Judge Kanne's previous order and because this court finds that his claims are once again frivolous, the court now ORDERS that plaintiff McKeown is to be FINED $1,500 as a Rule 11 sanction.[8]

■ Normally, the imposition of a Rule 11 sanction would end the court's analysis; however, because McKeown has persisted in his futile attempt to raise frivolous claims, despite threats and the actual imposition of previous sanctions,[9] the court is concerned that mere monetary penalties may not prove sufficient to deter McKeown's conduct in the future. Frivolous suits like this one, and McKeown's three prior suits, not only consume the time and resources of other parties but also divert the time and energies of judges from more serious claims. *Coleman*, 791 F.2d at 72.

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out Article III functions. *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). McKeown's history of persistent conduct represents a classic example of vexatious and harrassing litigation which places an unnecessary burden on the courts and their supporting personnel. *Id.* at 1262.

"A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir.1987) (per curiam) (citing *In re Urban*, 768 F.2d 1497, 1500 (D.C.Cir. 1985) and *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir.1983)). Recently, in *Lysiak*, 816 F.2d at 313, the Seventh Circuit fashioned such a remedy in a case, like this one, involving a persistent tax protestor. In developing the appropriate bar to frivolous actions, the *Lysiak* court was sensitive to balance its "obligation to protect and preserve the sound and orderly administration of justice" with a litigant's "undeniable right of access to the court's processes." *Id.* (citations omitted); *see also Miller v. United States*, 669 F.Supp. 906, 911–12 (N.D.Ind.1987); *Hilgeford v. People's Bank, Inc.*, 652 F.Supp. 230, 234–35 (N.D.Ind.1986). In that same spirit, the court ORDERS that the Clerk of this court shall administer all future filings by John F. McKeown in accordance with the procedures set forth in the CONCLUSION of this order.

**CONCLUSION**

The court ORDERS that summary judgment is hereby GRANTED in favor of defendants Metropolitan and LTV; the Clerk shall enter judgment accordingly. In addition, McKeown is hereby ORDERED to

---

**8.** The imposition of a fine, in lieu of actual costs and fees, as "an appropriate sanction" under Rule 11 has been consistently upheld by the Seventh Circuit. *See Cheek v. Doe, et al.*, 828

F.2d 395, 397 (7th Cir.1987) (cases cited therein).

**9.** *See* note 2, *supra.*

REMIT $1,500 to Metropolitan as a Rule 11 sanction.

The Court further ORDERS that the following procedures shall, until such time as the court may order otherwise, govern any filings in this court made by John F. McKeown:

1. John F. McKeown, or anyone acting on his behalf, is hereby ENJOINED from filing any action in this court without first obtaining leave from the court as set out below. Any new action which McKeown seeks to file in this court will not be file marked until the court grants McKeown leave to file.

2. Upon McKeown's attempt to file a new action, the Clerk of this court shall immediately issue an order directing that McKeown file a petition for leave to file such action within 14 days thereof.

3. In seeking leave to file a case with this court, McKeown shall certify that his new action is made in good faith and that the claims that he wishes to bring are not frivolous, and that they have not been raised and disposed of on the merits by this court in previous actions. McKeown shall include in his petition a list of the issues he wishes to bring and also attach a copy of this order. Failure to file this petition in complete form within the 14–day deadline will be sufficient ground for denial of leave to file.

4. Upon timely receipt of a complete petition for leave to file an action, the court will review the petition to determine whether McKeown's new action presents a colorable claim.

5. This order in no way prohibits McKeown from seeking an appeal in this or any other case.