**Thomas G. DEAN, Plaintiff,**

v.

**ARA ENVIRONMENTAL SERVICES,
INC., Beverly Enterprises, and
K–Mart Corporation, Defendants.**

**No. 1:88–CV–55–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 27, 1988.

Thomas G. Dean, Atlanta, Ga., pro se.

James W. Friedewald, Edwards Friede-
wald & Grayson, Marietta, Ga., for K–Mart
Corp.

Leslie A. Dent, Janet L. Bettis, Hansell
& Post, Atlanta, Ga., for ARA Environmen-
tal Services, Inc.

Gary Richard Kessler, Paul B. Linde-
mann, Jackson Lewis Schnitzler & Krup-
man, Atlanta, Ga., for Beverly Enterprises.

**ORDER**

ROBERT H. HALL, District Judge.

*Pro se* plaintiff in this action is an exces-
sively litigious litigant in this court. Dean
has filed no less than 34 cases with this
court, 14 of which have been summarily
dismissed as frivolous pursuant to the pro-
visions of 28 U.S.C. § 1915(d). *See* Appen-
dix A (for a full recitation of the cases

brought by plaintiff in this district since 1982 and the disposition of those claims). These numerous and frequent filings have resulted in enormous and disproportionate administrative and judicial resources in the handling of plaintiff's frivolous and often harassing actions. Currently before the court are (1) defendants Beverly Enterprises' motion for summary judgment, (2) defendant K–Mart's motion to dismiss, (3) defendant ARA Environmental Services' motion to dismiss and for sanctions and for injunctive relief, and (4) plaintiff Dean's motion for summary judgment.

FACTS

A. *Filings in Federal Court*

Since 1982, Dean has filed 34 suits in the Northern District of Georgia. Examples of the defendants against whom Dean has filed suit include the United States of America, Judge J. Owen Forrester, Judge Robert H. Hall, the State of Georgia, the Georgia Department of Transportation, the Georgia Department of Labor, the Georgia Department of Family and Children's Services, the Georgia Department of Human Resources, the DeKalb Police Department, the DeKalb Magistrates Court, the Georgia Institute of Technology, and the YMCA.

Of the 34 suits filed in this district, fourteen were dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), six were dismissed with prejudice, eight were dismissed for failure to state a claim or as premature, and one judge entered Rule 11 sanctions against Dean for filing a frivolous action. *See* Appendix A.

Undeterred by this record of failure and sanctions, Dean has filed thirteen appeals in the Eleventh Circuit Court of Appeals. Six of his appeals are still pending, four have been dismissed for failure to pay filing fees, one was dismissed for lack of jurisdiction, a petition for writ of mandamus was denied, and in one case, the Eleventh Circuit affirmed the district court's dismissal of a suit as frivolous pursuant to § 1915(d).

B. *Filings Against Beverly Enterprises*

In the current action, Dean alleges that he is owed unpaid wages in the amount of $1,187,507.20 arising from defendant Beverly's violation of the Fair Labor Standards Act by virtue of judgments awarded him in C87–276A, C87–1011A, and C87–1037A. Dean filed three actions, *Thomas G. Dean v. Beverly Enterprises*, 1:87–CV–276–RHH (N.D.Ga.), *Thomas G. Dean v. Beverly Enterprises*, 1:87–CV–1011–RHH (N.D.Ga.), and *Thomas G. Dean v. Beverly Enterprises*, 1:87–CV–1037–RHH (N.D.Ga.) against defendant Beverly Enterprises apparently claiming under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") that his former employer, Beverly Enterprises, denied him overtime compensation and allegedly terminated him for filing a lawsuit under the FLSA to recover the amount of that compensation. As the three cases arose out of plaintiff's employment with this defendant and raised common questions of law under the FLSA, this court consolidated these three actions for purposes of discovery, pretrial motions and trial.

On March 25, 1988 this court granted defendant Beverly's motion to dismiss and dismissed the three actions with prejudice. Plaintiff did not receive a judgment award against defendant Beverly in any of these cases. Plaintiff has failed to contradict the showing of these facts by defendant Beverly Enterprises.

C. *Filings Against K–Mart*

Plaintiff has previously filed at least one lawsuit against defendant K–Mart. *Dean v. Ellington and K–Mart*, 1:87–CV–2511–RHH (N.D.Ga.). This court on November 19, 1987 granted summary judgment in favor of defendants. One of plaintiff's appeals from that order is pending, another was dismissed for lack of jurisdiction. *See* Appendix A.

In the instant case, defendant K–Mart moves to dismiss because there was no personal service or request for acknowledgement of service in violation of Rule 4, Fed.R.Civ.P. Attorney for defendant K–Mart states that the papers of suit were merely forwarded to him as the attorney for K–Mart in the previous action. The attorney states that he is not the agent for

service of K–Mart, nor has he received a request for acknowledgement of service.

### D. *Filings Against ARA Environmental Services*

Although Dean's only contact with ARA was ARA's employment of Dean for a six-week period in 1986, Dean has filed four lawsuits and two appeals against ARA. The instant claim was instituted under the FLSA to recover for alleged services rendered in 1987 as a commercial cleaner for ARA. Apparently, Dean contends that he has become an owner of defendant ARA by virtue of the alleged failure to pay him.

On the last page of his Complaint, Dean claims relief from ARA for wages in the amount of $12,480.00 for services rendered in 1987, liquidated damages, attorney's fees, and costs of this action. Defendant ARA counters simply that Dean was never employed by ARA in 1987. As Dean himself has admitted in his deposition, he was employed by ARA only for a six-week period in 1986. Dean Dep. at 11–12, taken in *Dean v. ARA Environmental Services, Inc.*, No. C86–2786.

Giving plaintiff every benefit of the doubt and assuming he has merely confused the dates of his employment, Dean's claim is essentially identical to a previous claim by Dean against ARA litigated in *Dean v. ARA Environmental Services, Inc.*, No. C86–2746A. In that case, defendant ARA Environmental Services moved this court to grant partial summary judgment in favor of Dean in the amount of $170.00, the only amount of unpaid overtime that Dean admitted he was entitled to receive. ARA was forced to make such a motion because Dean refused to settle his claim for less than $35,502.50 and defendant, while not admitting liability, was unwilling to go to the expense of contesting Dean's claim for a mere $170.00 of unpaid overtime. The court granted the motion and denied Dean's remaining claims. Dean then filed a frivolous Bill of Costs request-ing the unsubstantiated sum of $870,-132.00.

In addition to *Dean v. ARA Environmental Services, Inc.*, No. C86–2746A, Dean has filed three other suits and two appeals against ARA, all based on claims for unpaid wages. First, Dean filed a garnishment action in the State Court of De-Kalb County on June 12, 1987. In the Affidavit of Garnishment filed in that case, Dean attested that he had received a judgment against ARA in the amount of $32,-480.00 from this court. After a hearing during which counsel for ARA informed the State Court that the federal case was still pending and that no judgment had been entered, the garnishment action was dismissed on July 2, 1987. In December 1987, the DeKalb County State Court granted ARA's motion for sanctions and attorney's fees pursuant to Ga.Off'l Code Ann. § 9–15–14 and ordered Dean to pay $1,344.00.

Second, Dean filed the instant action discussed above. Third, Dean filed a suit in July 1987 against ARA in *Dean v. Bowers, et al.*, No. C86–2746A in this court. In that case, Dean alleged that the twelve named defendants conspired to deny Dean his rights in the garnishment action filed in DeKalb County State Court and requested damages of $6,867,430.00. In September 1987 this court dismissed this suit against ARA as frivolous pursuant to 28 U.S.C. § 1915(d). Dean has appealed.[1]

### DISCUSSION

#### A. *Motions to Dismiss and for Summary Judgment*

Plaintiff has moved for summary judgment in his favor against all defendants in the instant action. The court finds plaintiff's motion meritless and DENIES it in all respects.

The court GRANTS defendant Beverly Enterprises' motion for summary judgment as plaintiff has been unable to refute defendant's showing that he is not entitled to relief on any claim. The court GRANTS defendant K–Mart's motion to dismiss as

---

1. This discussion is meant only to be illustrative of the litigation history of Mr. Dean. *See* Appendix A.

defendant has not properly been served. The court GRANTS defendant ARA Environmental Services' motion to dismiss as plaintiff either by his own admission in a previous case before this court was never employed by ARA during the time for which he claims overtime or because his claim is identical to another claim which was litigated fully in a previous suit in this court.

### B. *Motion for Sanctions*

■ Defendant ARA Environmental Services also moves this court under Rule 11, Fed.R.Civ.P. for costs and attorneys' fees. Rule 11 sanctions are appropriate where pleadings are not grounded in fact or warranted by law and are brought to harass others. Dean's repetitive filing of frivolous lawsuits and behavior in the conduct of these suits lead this court to the rather obvious conclusion that Dean is acting in bad faith to harass this defendant. The filing of the instant action against defendant ARA was not grounded in fact or law. Rule 11 sanctions are richly deserved in this case to punish plaintiff's conduct and deter future abuses against litigants and the judicial process.

A *pro se* suit is frivolous where it has no basis in either law or fact. *See Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir.1985). *Pro se* litigants are not immune from Rule 11 sanctions. The court GRANTS defendant ARA Environmental Services' motion for sanctions and DIRECTS plaintiff to pay costs and attorneys' fees. Any future suits by this plaintiff against this defendant which are found to be frivolous will result in fines against plaintiff under Rule 11.

### C. *Motion for Injunctive Relief*

■ Defendant ARA Environmental Services also understandably moves for injunctive relief from further harassing suits by plaintiff. Defendant believes it has no realistic method of deterring Dean's persistent frivolous litigation other than by the court's injunctive action. A court can restrict a person from filing frivolous and vexatious lawsuits. He just cannot be completely foreclosed from *any* access to the court. *Procup v. Strickland*, 792 F.2d 1069, 1079 (11th Cir.1986); *Traylor v. City of Atlanta*, No. 86–8181, Nov. 19, 1986 at 784. The Circuit has recognized that a district court has considerable discretion in restricting the filings of an excessive *pro se* litigator. *Id.* at 784.

Inasmuch as the court has found that plaintiff's only contact with this defendant was a six-week period of employment and the conduct of the litigation between the parties, the court ENJOINS plaintiff from filing any lawsuits pursuant to the Fair Labor Standards Act arising from that period of employment. In addition, plaintiff may not have the benefit of the service of process of the United States Marshal's office in any future filings involving this defendant. *See Traylor v. City of Atlanta*, 805 F.2d 1420 (11th Cir.1986).

SO ORDERED.

## APPENDIX A
### SUMMARY OF DISPOSITIONS

USDC Cases

| | |
|---|---|
| 2 | Pending (* 31, 33) |
| 6 | Dismissed With Prejudice (* 4, 15, 18, 20, 24, 34) |
| 14 | Dismissed Without Prejudice per 28 U.S.C. § 1915(d) (* 10, 16, 17, 19, 21, 22, 23, 25, 26, 27, 28, 29, 30, 32) |
| 8 | Dismissed for failure to state a claim or as premature (* 2, 3, 5, 6, 7, 9, 11, 13) (11 and 13 as premature) |
| 1 | Dismissed for improper venue (* 1) |
| 1 | Def. to recover attorney's fees ($1,000) from Dean for Dean's failure to comply with Rule 11. (* 8) |
| 1 | Dean was granted summary judgment on FSLA claims ($170. plus costs); and Def. was granted summary judgment on remainder of Pl's claims for damages. (* 14) |
| 1 | Order denied Dean to proceed in forma pauperis, Dean never paid filing fee. (* 12) |

**Criminal Case**

 1  Order adopted Magistrate's Report, Recommendation and Order that petitioner's petition for writ of habeas corpus be denied as premature.  (* 35)

**USCA Cases**

 6  Pending (* 13, 14, 18, 24, 29, 30)
 4  Dismissed for failure to pay filing fees (* 6, 17, 19, 20)
 1  Dismissed for lack of jurisdiction (* 14)
 1  Petition for writ of mandamus denied pursuant to 28 U.S.C. § 1915(d).  (* 16)
 1  Judgment affirming District Court decision (frivolous) (* 16)

* See Corresponding Orders in Notebook "Index of Cases filed by Thomas G. Dean."

---

**1982 CASES (ARCHIVES)**  ACCESSION # 021870094
LOCATION # F0166531 SAN

1.  Dean v. Dept. of Labor, et al.
    1:CV–82–1142 (114 of 316)
    Opened: 5–28–82    Closed: 9/27/82
    Dismissed for improper venue

2.  Dean v. USA
    1:CV–82–1288 (131 of 316)
    Opened: 6/21/82    Closed: 9/27/82
    Dismissed pursuant to Fed.R.Civ.P. 8(a) and (e) for failure to state a claim with sufficient particularity.

3.  Dean v. USA
    1:CV–82–2267 (239 of 316)
    Opened: 10/19/82    Closed: 12/9/82
    Dismissed for failure to state a claim and lack of subject matter jurisdiction.

4.  Dean v. Faucett
    1:CV–82–2298 (241 of 316)
    Opened: 12/29/82    Closed: 1/17/84
    Dismissed With Prejudice for failure to appear for his properly noticed deposition.
    (Defendant to recover $157.00 plus costs)

**1983 CASES (ARCHIVES)**  ACCESSION # 021880093
LOCATION # J0930916 SAN

5.  Dean v. Carter, et al.
    1:CV–83–72 (8 of 274)
    Opened: 1/14/83    Closed: 4/27/83
    Dismissed re: repetitive;  failure to state a claim

6.  Dean v. USA
    1:CV–83–569 (54 of 274)
    Opened: 3/22/83    Closed: 8/31/83
    Dismissed for failure to state a claim
         APPEAL # 83–8675
    Dismissed for failure to pay filing fees

7.  Dean v. Village Inn
    1:CV–83–2072 (205 of 274)
    Opened: 9/22/83    Closed: 8/17/84
    Dismissed for lack of subject matter jurisdiction

**1984 CASES (ARCHIVES)**  ACCESSION # 021880153
LOCATION # J0154521 SAN

8.  Dean v. Alex Furniture, Inc.
    1:CV–84–997 (97 of 247)
    Opened: 5/17/84    Closed: 1/30/85
    Finding in favor of Defendant
    (Dean in violation of Rule 11)
    (Defendant to recover $1,000 of attorney's fees)

9.  Dean v. USA
    1:CV–84–1336 (133 of 247)
    Opened: 7/6/84    Closed: 11/21/84
    Dismissed for failure to state a claim

**1985 CASES (ARCHIVES)**  ACCESSION # 021880326
LOCATION # J0310945 SAN

10.  Dean v. Meat City
     1:CV–85–3206 (110 of 230)

Opened: 6/11/85 Closed: 9/3/85
Dismissed per 28 U.S.C. § 1915(d)
11. Dean v. USA, et al.
1:CV–85–4444 (208 of 230)
Opened: 11/15/85 Closed: 12/11/85
Dismissed Without Prejudice pursuant to 28 U.S.C. § 1915(d) for failure to state a claim and as premature.

1986 CASES
12. Dean v. USA
1:CV–86–2381
Opened: 11/4/86 Closed:
Order denied Dean to proceed *in forma pauperis;* Dean never paid filing fee
13. Dean v. Ellington and K–Mart
1:CV–86–2511
Opened: 11/20/86 Closed: 11/19/87
Dismissed Without Prejudice for failure to state a claim and as premature. (Order not in docket)
    APPEAL # 87–8929
Pending; awaiting record to send to screening
    APPEAL # 087–8480
Dismissed for lack of jurisdiction
14. Dean v. ARA Environmental
1:CV–86–2746
Opened: 12/29/86 Closed: 2/17/88
Summary Judgment granted for plaintiff in the amount of $170.00 on FSLA claims plus costs; and Summary judgment granted for Def. on remainder of Pl's claims for damages.
    APPEAL # 88–8152
Pending; ARA brief due 6/3/88.

1987 CASES
15. Dean v. Beverly Enterprises
1:87–CV–276
Filed: 2/18/87 Closed: 3/25/88
Dismissed With Prejudice; costs awarded to defendant. (This order dismissed (3) actions: 1:87–CV–276, 1:87–CV–1011, 1:87–CV–1037)
16. Dean v. USA
1:87–CV–620
Filed: 4/1/87 Closed: 5/22/87
Dismissed per 28 U.S.C. § 1915(d)
    APPEAL # 87–2173
Petition for writ of mandamus denied pursuant to 28 U.S.C. § 1915(d).
    APPEAL # 87–8403
Judgment affirming Dist. Ct. judgment (frivolous)
17. Dean v. State of Georgia, et al.
1:87–CV–1012
Filed: 5/15/87 Closed: 6/25/87
Dismissed per 28 U.S.C. § 1915(d)
    APPEAL # 87–8478
Dismissed for failure to pay filing fee (9/13/87)
18. Dean v. Beverly Enterprises
1:87–CV–1011
Filed: 5/19/87 Closed: 3/25/88
Dismissed With Prejudice; costs awarded to defendant. (This order dismissed (3) actions: 1:87–CV–276, 1:87–CV–1011, 1:87–CV–1037)
    APPEAL # 88–8153
Pending; Dean brief due May 28, 1988
19. Dean v. Trust Company
1:87–CV–1039
Filed: 5/22/87 Closed: 6/23/87
Dismissed Without Prejudice pursuant to 28 U.S.C. § 1915(d) as frivolous.

APPEAL # 87–8528

Dismissed for failure to pay filing fee (12/7/87) because appeal was frivolous.

20. Dean v. ARA Environmental
    1:87–CV–1038
    Filed: 5/22/87    Closed: 6/15/87
    Dismissed With Prejudice
        APPEAL # 87–8584
    Motion to Appeal denied because frivolous (11/19/87)
    Dismissed for failure to pay fees (12/2/87)

21. Dean v. DeKalb County Magistrate
    1:87–CV–1056
    Filed: 5/26/87    Closed: 8/7/88
    Dismissed per 28 U.S.C. § 1915(d)

22. Dean v. Hall
    1:87–CV–1057
    Filed: 5/26/87    Closed: 6/5/87
    Dismissed per 28 U.S.C. § 1915(d)

23. Dean v. USA
    1:87–CV–1076
    Filed: 5/27/87    Closed: 7/2/87
    Dismissed per 28 U.S.C. § 1915(d)

24. Dean v. Williams
    1:87–CV–1037
    Filed: 5/28/87    Closed: 3/25/88
    Dismissed With Prejudice; costs awarded to defendant.  (This order dismissed (3) actions: 1:87–CV–276, 1:87–CV–1011, 1:87–CV–1037)
        APPEAL # 88–8256
    Pending; Order to proceed (Dean as Pauper)

25. Dean v. Dept. of Labor
    1:87–CV–1184
    Filed: 6/8/87    Closed: 11/19/87
    Dismissed as frivolous per 28 U.S.C. § 1915(d).
        APPEAL # 87–8965
    Pending; Motion to dismiss

26. Dean v. Dept. of Family and Children Services
    1:87–CV–1185
    Filed: 6/8/87    Closed: 8/7/87
    Dismissed Without Prejudice pursuant to 28 U.S.C. § 1915(d).

27. Dean v. Fulton County State Court
    1:87–CV–1248
    Filed: 6/15/87    Closed: 8/7/87
    Dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

28. Dean v. Benson
    1:87–CV–1502
    Filed: 7/6/87    Closed: 8/17/87
    Dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

29. Dean v. Bowers
    1:87–CV–1625
    Filed: 7/21/87    Closed: 9/16/87
    Dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).
        APPEAL # 87–8783
    Pending; record sent to court for decision

30. Dean v. Jones, et al.
    1:87–CV–2543
    Filed: 11/23/87    Closed: 12/23/87
    Dismissed per 28 U.S.C. § 1915(d)
        APPEAL # 88–8005
    Pending; Motion to dismiss

1988 CASES

31. Dean v. K–Mart Corp., et al.
    1:88–CV–55
    Filed: 1/12/88

Pending;
Answer filed 4/12/88
Motion to Dismiss filed 4/12/88
PL's opp. to Answer and Motion to Dismiss filed 4/18/88

32. Dean v. Georgia Dept. of Human Resources
1:88–CV–474
Filed: 3/9/88     Closed: 4/25/88
Dismissed Without Prejudice per 28 U.S.C. § 1915(d)

33. Dean v. USA
1:88–CV–594
Filed: 3/23/88
Pending;
Order denying Plaintiff's Motion for immediate order to compel payment; and Motion for Sanctions filed 4/26/88

34. Dean v. Jackson Service Co., et al.
1:88–CV–718
Filed: 3/31/88     Closed: 4/25/88
Dismissed With Prejudice pursuant to 28 U.S.C. § 1915(d).

CRIMINAL CASE

35. U.S. v. Dean
1:CR–85–396 D
Opened: 10/2/85     Closed: 6/23/86
Magistrates Order and Recommendation

