# Leidy v. Epstein

*Ivan P. Leidy,* in propria persona.
*William C. Kuhn,* for defendants *Sharon Herald* and Ottoway Newspapers.
*Larry P. Gaitens* and *William J. Madden,* for defendants John A. Wareham and City of Sharon.

ACKER, *P.J.,* January 30, 1991 — The *Sharon Herald* and Ottoway Newspapers Inc. have petitioned for attorneys' fees and indemnification at 995 C.D. 1990, for damages claimed pursuant to 42 Pa.C.S. §8355. That case terminated favorably to all of the defendants through our order of October 1, 1990, sustaining a preliminary objection in the nature of a demurrer. That order was not appealed and is a final order.

The petition for attorneys' fees and indemnification for damages is founded upon Act 6 of 1990, section 3, amending Title 42 (Judiciary and Judicial Procedure) Chapter 83, through the addition of section 8355 as found in no. 1 Purdon's Pa. Legislative Service of March 1990. The effective date of the statute was 60 days after approval of February 7, 1990, or April 7, 1990.

The complaint in this action was filed on August 6, 1990. The alleged misconduct as to 995 C.D. 1990

occurred after the effective date of the statute by about four months. It is, therefore, subject to the statute. In addition petitioners, *Sharon Herald* and Ottoway Newspapers Inc., cite 42 Pa.C.S. §2254, claiming that Leidy actively practiced law without a license in violation of that statute through his representation of Mary Stevenson (a former controller of Mercer County) in a federal action which terminated favorably to defendants. (Civil Action no. 88-860, U.S. District Court, Western District of Pennsylvania.) Petitioners do not claim damages for the efforts of respondent Leidy for practice of law, but use it to demonstrate that respondent's conduct has been "fully insubstantial and patently frivolous."

Petitioners ask for attorneys' fees of $1,050 and costs that have been incurred in the defense of this action. Petitioners also request damages in a federal action, which went to the U.S. Third Circuit Court of Appeals 880-860 and which was denied certiorari by the U.S. Supreme Court on March 20, 1989, in the amount of $2,018.

In addition petitioners desire that we impose a civil penalty on respondent for wrongful use of civil proceedings in this action at 995 C.D. 1990 and in the federal action, based on the authority of 42 Pa.C.S. §6355 which authorizes a penalty of up to $10,000.

From February 19, 1981, to April 7, 1990, Pennsylvania provided remedies for wrongful use of civil proceedings as found in 42 Pa.C.S. §§3351-8354. The amendment through the addition of section 8355 brought plaintiff to and beyond the authority in the federal courts through Federal Civil Rule 11.

We have found no reported case construing the recently added section 8355 of 42 Pa.C.S. Therefore, we rely heavily upon the numerous federal

decisions interpreting its Rule 11. In fact the two rules are almost identical except the Pennsylvania statute permits the imposition of a civil penalty not to exceed $10,000 in addition to all other entities.

Respondent's complaint at 995 C.D. 1990, to which we sustained a demurrer, was captioned, "Complaint in Assumpsit and Trespass, Action in Mandamus."

Mandamus is of course a particularly inappropriate action under the facts of that case. Mandamus is an extraordinary remedy which is available to compel a performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other adequate, appropriate and specific remedy. 18 Standard Pa. Practice 2d, §99:1, at 283. Nor was there a scintilla of support for an action in assumpsit and/or trespass at that number and term.

By the complaint plaintiffs, Leidy and Vito Manilla, asked the court to overturn the charges of theft against Vito Manilla (a former president of Sharon City Council) and to reinstate an action filed at 899 C.D. 1984 by Ivan Leidy against the City of Sharon. Plaintiffs were seeking in 995 C.D. 1990 monetary damages in excess of $10,000, claiming false arrest, misuse of taxpayer's money, theft by deception, and conspiracy to commit fraud by city officials.

At a hearing upon the petition of the *Sharon Herald* and Ottoway Newspapers Inc., no oral testimony was offered. We do, however, take judicial notice of our records at 823 Criminal 1989. There, Vito Manilla, at that time City Council president, was charged with a felony of the third degree for theft by deception in claiming monies from the Pennsylvania League of Cities for reimbursement for trips while he was also being paid by the City of

Sharon for the same expenses. Manilla elected to plead guilty, and on March 26, 1990, was sentenced to pay the costs, be on probation for five years and make restitution as to count I in the amount of $4,841.17. As to count II restitution of $513.94 was ordered, and as to count III probation for a period of two years; as to count IV probation for a period of five years to run concurrently was ordered. Manilla was also ordered to not serve upon any governmental agency board or commission and to be on house arrest for a period of one year.*

The action at 899 C.D. 1982, which Ivan Leidy desires to reinstate, requests that the City of Sharon cease discrimination in property assessments, misuse of taxpayers' money, show respect for the health and welfare of the citizens of the community, permit inspection of financial statements of the Parking Authority and the Redevelopment Authority, not apply for and misuse federal grants, cease publication of incorrect financial statements, cease passing discriminating ordinances and resolutions and enforce city ordinances.

When plaintiff in that action, Ivan P. Leidy, appeared in open court, he stated his desire to withdraw his suit. Counsel for defendant agreed, and Fornelli, J., of this court ordered that the action be discontinued on November 4, 1985. There has been no further activity concerning 899 C.D. 1989 for over five years.

At the outset we recognize that respondent is a pro se plaintiff. Under the nearly identical Federal Rule 11, pro se litigants are not immune from Rule

---

* Due to the deterioration of Vito Manilla's health, he was released from house arrest on November 16, 1990. There has been no appeal of the sentence imposed. There was no evidence that Leidy does in fact represent Vito Manilla or that Manilla willingly joined into the action.

11 sanctions. *Dean v. ARA Environmental Services Inc.,* 124 F.R.D. 224 (N.D. Ga. 1988). A movant does have a greater burden in bringing a Rule 11 motion against a non-lawyer. *Fischer v. Samuel Montagu Inc.,* 125 F.R.D. 391 (S.D.N.Y. 1989). But liability has been held against numerous pro se plaintiffs who violated the sanctions of Rule 11. *McKeown v. L.T.V. Steel Co.,* 117 F.R.D. 139 (N.D. Ind. 1987); *Dean v. ARA Environmental Services Inc., supra; Moeller v. U.S.,* 127 F.R.D. 160 (W.D. Ark. 1989).

Respondent has filed the following actions in addition to *Leidy v. City of Sharon, supra,* which was subsequently withdrawn. In *Leidy (Pro Se) v. City of Sharon,* no. 705 C.D. 1983, an action was dismissed by the court of common pleas and this dismissal affirmed by the Commonwealth Court. If plaintiff did not know how to plead prior to that action, he would have received invaluable instruction had he wished to follow the thorough opinion of Stranahan, *P.J.,* which pointed out the errors of his way.

Respondent Leidy filed pro se his next action against the City of Sharon, Board of Education, Sharon Teachers Association, Department of Education and the Commonwealth of Pennsylvania, at no. 474 C.D. 1985. In an extensive opinion by Fornelli, *J.,* he would have educated himself in pleading law had he elected to read and follow that opinion. Plaintiff was given 20 days to amend. The matter returned to Fornelli, *J.,* who wrote a second comprehensive opinion. The court dismissed the action due to improper service and failure to state a cause of action. In that case the Mercer County Bar Association interceded in submitting a brief concerning the preliminary objections. This case was appealed to the Commonwealth Court where the

defendant's motion to quash was granted. *Leidy v. City of Sharon, Bd. of Education,* Pa. Commw., no. 603 C.D. 1986 (September 10, 1986). The Supreme Court of Pennsylvania also quashed a later appeal, 515 Pa. 589, 527 A.2d 548 (1987).

Plaintiff next filed a pro se action against Judge John Q. Stranahan and Judge Francis J. Fornelli, at no. 87-1427 in Federal District Court for the Western District of Pennsylvania. This suit was dismissed by the District Court and affirmed by the Third Circuit Court of Appeals. *Leidy v. Stranahan,* 865 F.2d 251 (3d Cir. 1988).

It appears to be the practice of respondent to file suit against persons who render opinions or argue matters in court through brief or oral argument which causes him to be dissatisfied. Most recently at no. 1157 C.D. 1990, Ivan Leidy filed an action against William C. Kuhn, attorney for the *Herald* and Ottoway Newspapers. Attorney Kuhn's employers were sued for a publication in the November 21, 1990, edition of the *Herald.* No facts are alleged as to any alleged misconduct as to attorney William Kuhn.

Respondent Leidy, for himself and allegedly for Mary L. Stevenson, former controller of the County of Mercer, filed a pro se action against the *Sharon Herald,* Ottoway Newspaper Company and the Youngstown Vindicator Newspaper Company, at no. 88-860 in Federal District Court at Western District of Pennsylvania. This action was dismissed sua sponte by the court and affirmed by the U.S. Court of Appeals. *Leidy v. Sharon Herald Newspaper Co.,* 865 F.2d 251 (W.D. Pa. 1988). Certiorari was denied by the U.S. Supreme Court on March 20, 1989. *Leidy v. Sharon Herald,* 57 U.S.L.W. 3619 (1989). Leidy attempted to improperly replead the earlier action against Judge Stranahan and Judge

Fornelli at no. 87-1427 U.S. District Court in his petition for certiorari to the U.S. Supreme Court in this case.

In a memorandum opinion at no. 860 Civil Action in the U.S. District Court, Chief Judge Maurice B. Cohill Jr. concluded that the claim was both "wholly insubstantial and patently frivolous."

Respondent's next pro se action was against Jim Sarvas, individually and/or doing business as Sharon Ford, filed at no. 1025 C.D. 1989 in our court. The facts of the case were first heard and decided by a district magistrate against plaintiff, Leidy. Upon appeal, a Board of Arbitrators also determined the case in favor of defendant. There was no appeal.

At no. 886 C.D. 1990 the movant Leidy pro se filed another action against Jim Sarvas and/or Sharon Ford. This was an action for money damages.

The action at 886 C.D. 1990 was filed by Leidy on July 13, 1990. Defendant raised preliminary objections, the first of which was sustained thereby striking the complaint for failure to comply with established procedures. Pa.R.C.P. 1019(a)(b) and (f). Instead of appealing, the movant filed a new action. At the time of argument he was asked specifically whether he was contending that he was being denied the right to appeal the decision of the Board of Arbitration. He denied that position contending instead that he was filing a new action. Being the same cause of action as previously litigated, we ordered on October 26, 1990, that the complaint be stricken with prejudice. This is now on appeal.

In cases which were clearly harassment and where the litigant should surely have known that the complaint had no hope whatsoever of success, sanctions of Rule 11 were imposed. In *Saltony v. Reagan,* 886 F.2d 438, (D.C. Cir. 1989), Libyan citizens

filed a complaint against the United Kingdom for allowing American planes to use British air space en route to bomb Libya. In *McKeown, supra,* a fine of $1,500 was imposed upon a pro se plaintiff for a frivolous action in which he attempted to argue various income tax laws were unconstitutional, where various defendants who were randomly selected were sued and where it was apparent that plaintiff had failed to conduct a reasonable inquiry into the facts and the law. In *Charlton v. Estate of Charlton,* 48 B.R. 1012 (B.C. Ariz. 1985), sanctions against both the plaintiff and her attorney were imposed where the plaintiff's pleading asked for a declaratory judgment that the sale of property of the bankrupt estate was a nullity. It was concluded there was no basis for the argument under existing law to support her position, and it was therefore not a good-faith argument. Sanctions were imposed in *Mir v. Little Co. of Mary Hospital,* 844 F.2d 646 (9th Cir. 1988). A doctor who had been denied surgical privileges at the hospital filed an action claiming antitrust violations against the hospital. The doctor continued the challenge over a nine-year period. The court concluded that this was harassment.

In *In re Disciplinary Action Against Mooney,* 841 F.2d 1003 (9th Cir. 1988), a motion to move a case from state to federal court on diversity grounds, where the facts as alleged were absolutely untrue, was held to be frivolous and to warrant sanctions.

In *Schaeffer v. Chicago Police Officers,* 120 F.R.D. 514 (N.D. Ill. 1988), it was held that a pro se plaintiff had the duty to investigate the facts and the legal basis for the suit before filing. Failure to do so subjected her to Rule 11 sanctions.

In *Hilgeford v. Peoples Bank Inc., Cortland, Indiana,* 652 F.Supp. 230 (N.D. Ind. 1986), Rule 11 was held to apply even though it was a pro se action.

At page 235 it was noted that the Advisory Committee for Federal Rules made it clear that Rule 11 provisions were designed to "discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses." The same standard applies to pro se litigants as to others. It was held that the extensive conduct of the plaintiff consisted of harassment and was in direct violation of Rule 11.

An examination of the facts and into the law as we believe it will be applied in Pennsylvania causes us to conclude that respondent Leidy had no basis to believe the complaint at 995 C.D. 1990 was well-founded in fact and warranted by existing law, or that a good-faith argument could be made for it. We conclude that it was interposed in bad faith and for an improper purpose.

There is insufficient evidence to determine whether respondent was in fact practicing law at 995 C.D. 1990. No testimony was received. In the complaint it was not disclosed whether Leidy was professing to act for Manilla. Although every pleading must be verified pursuant to Pennsylvania Rule of Civil Procedure 1024, it is not required that every plaintiff verify the complaint. Pa.R.C.P. 1024(c). It would appear that if it was established that Leidy was filing on behalf of Manilla, he would be practicing law in violation of the statute. 42 Pa.C.S. §2254. See *Blair v. Motor Carriers Service Bureau,* 40 D.&C. 413 (1941); *Walker v. Kohn,* 31 D.&C. 620 (1938); *Childs v. Smeltzer,* 16 Erie Leg. J. 87 (1934).

If petitioner wishes to pursue the matter, injunctive relief is a possible remedy. *Dauphin County Bar Association v. Mazzacaro,* 475 Pa. 545, 357 A.2d 229 (1976).

As to the claim for attorneys' fees in the action of *Leidy and Mary L. Stevenson v. Sharon Herald*

*Newspaper Company, Ottoway Newspaper Company Inc. and Vindicator Newspaper Company et al.,* U.S. District Court for Western District of Pennsylvania, Civil Action 88-860, we conclude it is the province of the federal authorities to pursue the matter. At oral argument respondent challenged the authority of the court to impose attorneys' fees, costs and/or penalty due to lack of jurisdiction. We agree.

In addition, the federal action was filed and completed prior to April 7, 1990, the effective date of 42 Pa.C.S. §8355.

We conclude that due to respondent Ivan Leidy's bad faith and improper purpose of harassment and to cause expenses of litigation, he must pay the attorneys' fees of $1,250 and a penalty of $500 within 30 days of the date of this order.

## ORDER

And now, January 30, 1991, it is the order of the court that the prayer of the petition for attorneys' fees at 995 C.D. 1990 and indemnification for damages pursuant to 42 Pa.C.S. §8355 be granted, and that Ivan P. Leidy shall pay through this court to the *Sharon Herald* and Ottoway Newspapers Inc. their expenses in the amount of $1,250 and an additional civil penalty in the amount of $500.

We make no award as to attorneys' fees, costs or civil penalty as to the action of Ivan P. Leidy and Mary L. Stevenson, plaintiffs, versus Sharon Herald Company, Ottoway Newspapers Company, Youngstown Vindicator Newspaper Company, at no. 88-860 of the U.S. District Court for the Western District of Pennsylvania.