[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09, 2010
JOHN LEY
ACTING CLERK

No. 09-12167
Non-Argument Calendar

_____

D. C. Docket No. 08-00181-MI-JEC-1

J.P. MORGAN CHASE BANK,

Plaintiff-Appellee,

versus

THOMAS G. DEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 9, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Thomas G. Dean appeals pro se the denial of his motion for leave to remove

to federal court an action to dispossess filed by J.P. Morgan Chase Bank. We affirm.

## I. BACKGROUND

Dean is a vexatious litigant who has abused the legal system for more than 20 years. See Dean v. ARA Envtl. Serv., Inc., 124 F.R.D. 224, 227 (N.D. Ga. 1988) (listing Dean's litigation between 1982 and 1988). By 2000, Dean had filed over one hundred lawsuits against various individuals, companies, judges, and government entities. In one of those lawsuits, Dean complained that three mortgage companies had discriminated against Dean on the basis of his race by denying him financing after he filed a petition for bankruptcy. After it dismissed Dean's complaint, the district court enjoined Dean from "filing or attempting to initiate any new lawsuit in any federal court" without permission of the court. Dean appealed the dismissal of his complaint, but he did not challenge the injunction. See Dean v. Peach State Mortgage Co., 273 F.3d 1111 (11th Cir. 2001).

On February 19, 2008, less than one month after J.P. Morgan filed an action to dispossess in a Georgia court, Dean moved for leave to file a notice to remove the action to federal court. Dean stated, among other things, that his removal was based on diversity of citizenship, id. § 1441, and the violation of his civil rights, id.

2

§ 1443. The clerk docketed Dean's motion as a miscellaneous matter instead of as a civil action. See Judicial Guide to Policies and Procedures § 10.04 (a)(2)(i) (2009).

A magistrate judge recommended that the district court deny Dean's motion for leave to remove. The magistrate judge ruled that Dean failed to establish that the district court could exercise original jurisdiction over the action to evict. The district court adopted the recommendation of the magistrate judge and denied Dean's motion. Dean did not appeal the decision.

On May 2, 2008, Dean filed a second motion for leave to file a notice to remove the action to dispossess filed by J.P. Morgan. Dean argued that he was entitled to remove the action on three grounds: (1) the action to dispossess had been consolidated with another action that J.P. Morgan had removed to federal court; (2) there was diversity of citizenship between the parties because J.P. Morgan had not incorporated in and had not maintained a registered office in Georgia and because Dean's property was worth more than $75,000, id. § 1332(a); and (3) Dean had been discriminated against by the state court in violation of his civil rights, 28 U.S.C. §§ 1981, 1982, 1985, and his right to due process under the Fourth, Seventh, Thirteenth, and Fourteenth Amendments, id. §§ 1334(c)(1), 1443. J.P. Morgan moved to remand the case and argued that the district court lacked

jurisdiction to consider Dean's second motion for leave to file a notice to remove and the motion was untimely.

On June 27, 2008, a Georgia court issued a writ of possession to J.P. Morgan. On July 7, 2008, Dean filed in the district court a motion to vacate the writ of possession. Dean argued that the state court lacked jurisdiction to issue the writ of possession.

On March 25, 2009, the district court denied Dean's second motion for leave to file a notice of removal and his motion to vacate the writ of possession. The district court ruled that Dean's second motion for leave was untimely. The court also concluded that treating Dean's motion for leave as a motion to remove would reward Dean "in his efforts to get around the injunction" and thwart the purpose of the injunction to prevent Dean from "continu[ing] to harass courts and opposing parties and manipulate the legal system with impunity."

## II. STANDARD OF REVIEW

We review de novo issues of subject-matter jurisdiction. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1204 (11th Cir. 2008).

## III. DISCUSSION

Dean challenges the denial of his second motion for leave to file a notice to remove and his motion to vacate the writ of possession. Dean argues that the

4

injunction entered by the district court is invalid. Dean also argues that he could remove the action filed by J.P. Morgan because the laws of Georgia violated his rights under the Fourth, Seventh, Thirteenth, and Fourteenth Amendments. These arguments fail.

Dean argues that the injunction operates in a racially discriminatory manner and is not permitted by the Rules of Civil Procedure, but we lack jurisdiction to consider these arguments. The district court issued the injunction in December 2000, and Dean had 30 days in which to appeal that order. Fed. R. App. P. 4(a)(1)(A). Dean's attack of the injunction is untimely.

Dean argues that the district court was required to grant him leave to file a notice to remove, but we disagree. As the district court concluded, Dean's second attempt to remove the action was untimely. 28 U.S.C. § 1446(b).

The decision to deny Dean leave to file a notice to remove is **AFFIRMED**.