**Richard CHARLTON, Plaintiff,**

v.

**The ESTATE OF Richard CHARLTON; James P. Dunlavey, Receiver; the United States Bankruptcy Court, District of Arizona; Honorable Lawrence Ollason; Cortez Development Corporation, an Arizona corporation; Seventh Camel Associates, an Arizona Joint Venture, Defendants.**

**Civ. No. 84–845 PHX CLH.**

United States District Court, D. Arizona.

May 8, 1985.

Joseph W. Charles, Glendale, Ariz., for plaintiff.

Dennis I. Wilcenchik, Phoenix, Ariz., for Cortez Dev. and Seventh Camel Associates.

Jon N. Vogel, Scottsdale, Ariz., for Trustee.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

In this declaratory judgment action brought pursuant to 28 U.S.C. § 2201 the plaintiff Richard Charlton (Charlton) seeks a declaration that the sale of a parcel of real property of a bankrupt estate is a nullity. The defendants Cortez Development Corporation (Cortez) and Seventh Camel Associates (Seventh Camel) have moved for summary judgment. The defendants The Estate of Richard Charlton (Estate) and James P. Dunlavey, receiver, (Dunlavey) have filed a motion to dismiss which, in reality, is a motion for summary judgment. The motions of the defendants will be granted and the motion of Charlton will be denied.

The factual background of this case is stated in the Ninth Circuit's opinion in the case of *In re Charlton*, 708 F.2d 1449 (9th Cir.1983). For the purposes of this opinion, only a few of those facts need to be mentioned here.

On February 12, 1981, the bankruptcy court issued a written order approving the sale of the real property in question to Cortez. On Charlton's appeal to the district court, the order was affirmed on April 8, 1981.

Charlton then appealed to the Ninth Circuit. It stayed the order of the bankruptcy court approving the sale and issued an order for determination of whether another offer provided prompt payment to all creditors of the estate. After a hearing, the bankruptcy court found that the other offer was inadequate to pay the claims against the estate and all administrative costs.

Notwithstanding the bankruptcy court's finding, the Ninth Circuit again stayed the order approving the same, but conditioned it upon Charlton's filing a bond in an amount to be determined by the bankruptcy court. That court fixed the bond at $1,000,000.

Charlton was unable to post an adequate bond and the stay issued by the Ninth Circuit expired.

The property was sold on or about June 17, 1981, and title was conveyed to Seventh Camel, the named nominee of Cortez.

On June 23, 1981, Cortez filed a motion with the Ninth Circuit to dismiss Charlton's appeal for mootness. On July 31, 1981, the Ninth Circuit granted the motion to dismiss and remanded the case to the district court with directions "to vacate the judgment appealed from, and to remand the matter to the bankruptcy court for similar action."

On August 5, 1981, the Ninth Circuit issued a substituted order which provided, in part, "[t]he matter is remanded to the district court with directions to vacate the judgment appealed from, and to remand the matter to the bankruptcy court for appropriate action." Charlton's motion for clarification or reconsideration was denied. His petitions to the Ninth Circuit for rehearing and to the United States Supreme Court for certiorari were also denied.

On September 4, 1981, after a hearing, the bankruptcy court entered an order that the real property was the property of Seventh Camel as nominee of Cortez.

On February 17, 1982, Charlton filed a motion in the bankruptcy court to vacate the order of February 12, 1981, confirming the sale of the real property. On April 8, 1982, the bankruptcy court denied the motion and issued an order confirming the sale. Charlton did not appeal that order. Instead, he petitioned this court for a writ

of mandamus directing the bankruptcy court to vacate its orders approving and confirming the sale. The petition was denied, and he appealed to the Ninth Circuit, which affirmed the denial of the petition for writ of mandamus. *In Re Charlton*, 708 F.2d 1449 (9th Cir.1983).

Charlton then brought this action, again to attempt to set aside the sale of the real property.

## DEFENDANTS' MOTIONS

The defendants correctly argue that there is no "case of actual controversy" under § 2201 because all the issues are either moot or barred by res judicata.

■ Section 2201 applies only to cases of actual controversy. Actual controversy does not exist if the issues have previously been declared moot. *See Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Scherer v. Davis*, 543 F.Supp. 4, 20 (N.D.Fla.1982); or if the issues are otherwise barred by the principles of res judicata. *See Baier v. Parker*, 523 F.Supp. 288, 290 (N.D.La.1981); *Hill v. Nelson*, 272 F.Supp. 790, 802 (N.D.Cal.1967).

■ All of the specific allegations of the plaintiff are barred by principles of res judicata or have been adjudged moot by the Ninth Circuit.

In *In re Charlton* the Ninth Circuit stated that its previous order dated August 5, 1981, had already dismissed the issues concerning the validity of the orders of the bankruptcy court approving and confirming the sale of the property in question on the ground of mootness. 708 F.2d at 1452–53. In addition, the Ninth Circuit stated that:

> Because of his failure to comply with Rule 805, Charlton cannot challenge the validity of the sale in this proceeding, whether directly by seeking a decision on the merits or indirectly by seeking to have the orders approving and confirming sale vacated.

*Id.* at 1455. It appears that Charlton is attempting to do now exactly what the Ninth Circuit has already told him he cannot do. All the allegations of the plaintiff can be tied into the approval and confirmation of the sale of the property at issue. Therefore, under § 2201, this Court cannot provide the relief that plaintiff requests.

Even if the Court finds that a couple of the allegations are not related closely to the sale, these allegations fail. For example, plaintiff contends that a hearing was never held to deny, confirm or amend his second amended Plan of Arrangement. However, the bankruptcy court did consider the plan in the February 12, 1981, hearing in which it ultimately approved the sale of the property to Cortez. The court found that there were "serious and substantial problems" with the plan. The debtor and his attorney were at the hearing where the plan was discussed. In fact, the bankruptcy judge pointed out numerous problems with the plan. He also noted that no satisfactory plan (i.e. approved by the requisite number of creditors) had been filed in the more than 20 months since Charlton filed for bankruptcy, that the plan did not provide the creditors with as much as the sale to Cortez would provide, and that he had asked the receiver to solicit bids for the property.

Charlton also argues that the sale of the real property is a nullity because the bankruptcy court's order of February 12, 1981, was not set forth in a separate document as required by Bankruptcy Rule 921(a). What he overlooks is that on April 8, 1982, the bankruptcy court entered another order confirming the sale. Furthermore, the purpose of the rule is to facilitate appeals and not to prevent them; consequently, it can be waived. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357, *reh'g denied*, 436 U.S. 915, 98 S.Ct. 2259, 56 L.Ed.2d 416 (1978).

## RULE 11 SANCTIONS

■ The defendants seek the imposition of sanctions for violation of Rule 11 of the Federal Rules of Civil Procedure. In response to the felt need for more effective means for deterring abuse and misuse of

civil litigation, Rule 11 (as well as Rules 16 and 26) was amended in 1983. The provision in the original rule for striking pleadings and motions as sham and false was deleted, and the following language was added:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Advisory Committee Notes state that "[t]he new language is intended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibilities of the attorney and reinforcing those obligations by the imposition of sanctions." The Advisory Committee Notes further point out that "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other papers was submitted."

The attorney for Charlton in this case did not represent him when he challenged the sale of the subject property in the bankruptcy court, when he appealed the bankruptcy court's ruling to the District Court, when he appealed the District Court's af-

firmance to the Court of Appeals and when he petitioned the United States Supreme Court for a writ of certiorari. Nor did Charlton's present attorney represent him when he petitioned for a writ of mandamus in the District Court and when he appealed the denial of the petition to the Court of Appeals.

After this action was commenced and before an answer was filed, counsel for Cortez Development Corporation and Seventh Camel Associates telephoned and wrote Charlton's attorney to urge that the issues raised by the complaint were "either moot or clearly barred by the principles of res judicata" and that his entire claim "fails to meet the statutory requirement of being 'a case of actual controversy.'" Defense counsel provided Charlton's attorney with lengthy memoranda addressing the issues of res judicata and lack of controversy. They also provided a memorandum discussing "the implications of the 1983 amendments to Rule 11 of the Federal Rules of Civil Procedure with regard to the incessant litigation perceived by the plaintiff."

Nonetheless, Charlton and his attorney doggedly went ahead with this action. In addition to vigorously contesting the pending motions, Charlton twice moved for leave to file an amended complaint that would have added a count seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Both motions and a motion for reconsideration were denied. A failure to obtain relief through the usual channels of appeal does not justify relief under Rule 60(b) in the absence of exceptional and compelling circumstances. *See* 7 J. Moore, *Moore's Federal Practice*, ¶ 60.-27[2]. Exceptional and compelling circumstances have not been shown to exist in this case.

Charlton's pleadings in this case have not been warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Sanctions authorized by Rule 11 are appropriate.

Any fees and expenses for which court approval is sought will be evaluated in accordance with the following guidelines:

1. There are essentially two defendant-parties in this case. One consists of the Estate of Richard Charlton and James P. Dunlavey, Receiver. The other consists of Cortez Development Corporation and Seventh Camel Associates.

2. Only one attorney for a party will be compensated for appearances in court or at depositions.

3. Senior partner rates will be paid only for work that warrants the attention of a senior partner. If a senior partner spends his time reviewing documents or doing research a beginning associate could do, he will be paid at the rate of a beginning associate.

4. Generally speaking, fees will not be allowed to a lawyer for reading the work product of another lawyer simply as a matter of interest.

5. Time records should be submitted chronologically by activity. For example, if more than one lawyer participated in the preparation of the motion for summary judgment, each should be identified, each date that he worked should be identified, and the number of hours spend by each should be shown.

6. The description of work done should be sufficient to demonstrate that it was necessary to the defense of the action. Where time was spent in legal research, the particular question researched should be described.

IT IS ORDERED granting summary judgment in favor of all defendants and against the plaintiff.

IT IS FURTHER ORDERED that sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure be assessed against the plaintiff and his attorney Joseph W. Charles.

IT IS FURTHER ORDERED that counsel for the defendants submit appropriate documentation to enable the Court to determine reasonable attorney's fees.