**Clifford STEWART, Jr., Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 84 C 4951.**

United States District Court,
N.D. Illinois, E.D.

May 31, 1985.

Susan E. Loggans, Susan E. Loggans & Associates, Chicago, Ill., for plaintiff.

Gregory Kulis, Sharon Sullivan, James D. Montgomery, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This cause is before the court on plaintiff's motion to reconsider the court's order dismissing defendants, City of Chicago (the "City") and Fred Rice ("Rice"), from this action. The City and Rice move the court for attorneys' fees and costs incurred in achieving dismissal of the claims against them.

This court, on February 1, 1985, dismissed the second amended complaint as to the City and Rice on its own motion, stating, "it is plain from the face of the second amended complaint that plaintiff states conclusory allegations only against these defendants, and can prove no set of facts which would entitle him to relief against them." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Another review of the complaint convinces the court of the correctness of its ruling. It is true, as plaintiff states, that well plead facts are taken as true for purposes of a motion to dismiss, but conclusory allegations are inadequate. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir.1977). The allegations here are conclusory only. Plaintiff alleges that the policies of the City and Rice proximately caused the unlawful police conduct complained of, but pleads no

facts to support his charges, apart from those surrounding his own physical injury. The Seventh Circuit has recently held that such allegations will not support a civil rights claim against a municipality. *See Strauss v. City of Chicago and John Doe*, 760 F.2d 765, 768 (7th Cir.1985), where the court stated:

> Plaintiff here has set out no grounds upon which his claim rests, an omission that is fatal. To allow otherwise would be tantamount to allowing suit to be filed on a *respondeat superior* basis. Plaintiffs could file claims whenever a police officer abused them, add *Monell* [*v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ] boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the "claims" made. *Id.* (Emphasis in original.)

Having carefully reviewed the complaint, the court concludes that plaintiff's allegations against these defendants are inadequate to state a claim, and must be dismissed. Accordingly, plaintiff's motion for reconsideration is granted, and upon reconsideration the court adheres to its earlier ruling.

Also before the court is the motion of the City and Rice for an order granting attorneys' fees and costs against plaintiff and/or his attorney, pursuant to Fed.R. Civ.P. 11, or, alternatively, against plaintiff's attorney, pursuant to 28 U.S.C. § 1927, for having to file motions to dismiss with supporting memoranda on two occasions, in response to plaintiff's multicount and deficient complaints.

Rule 11 provides that the signature of an attorney to a pleading is a certification that he has made reasonable inquiry which to base a belief that the allegations of it are well grounded in fact and law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The Rule provides for an appropriate sanction upon violation, which may include a reasonable attorney's fee. In a similar case, where defendants had to repeatedly answer baseless charges, a court has awarded fees and costs under the Rule. *Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248 (D.Minn.1984). The case at hand presents a different situation, however, because the pleading in question, the second amended complaint, is not signed by plaintiff's attorney. It would seem inappropriate, therefore, to impose fees and costs under Rule 11.

Another ground on which fees and costs may be awarded is 28 U.S.C. § 1927, which provides in part that:

> [a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 has been construed as requiring a finding of bad faith before sanctions can be imposed for its violation. *McCandless v. Great Atlantic and Pacific Tea Co., Inc.*, 697 F.2d 198, 201 (7th Cir.1983). "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980) (quoting *Hall v. Cole*, 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973) ).

■ Under the facts of this case, where plaintiff's attorney persisted in pressing the same deficient allegations regarding the City and Rice up to and including the second amended complaint, the court concludes that she has unreasonably and vexatiously multiplied these proceedings, within the meaning of 28 U.S.C. § 1927, and that defendants are entitled to an award of attorneys' fees, costs and expenses occasioned by such conduct. The award is assessed against Susan E. Loggans personally, as attorney of record for plaintiff.

■ As alluded to above, plaintiff's attorney has failed to sign the operative pleading, the second amended complaint. (The first amended complaint is also unsigned.) This is a glaring and serious omis-

sion. Under Rule 11, the failure of an attorney to sign a complaint warrants the striking of it. *U.S. ex rel. Sacks v. Philadelphia Health Management Corp.*, 519 F.Supp. 818, 826 (E.D.Pa.1981). The court, therefore, on its own motion, orders the second amended complaint stricken.

In reviewing this file, the court notes a recurring and disturbing error and takes this opportunity to point it out to the firm of Susan E. Loggans and Associates. It is that papers and pleadings, when signed at all, are signed "Susan E. Loggans and Associates." This firm "signature" is a clear violation of Rule 11, which requires that:

> Every pleading, motion, and other paper of a party represented by an attorney shall be *signed by at least one attorney of record in his individual name*, whose address shall be stated. (emphasis added)

In summary, plaintiff's motion to reconsider is denied; defendants' motion for fees and costs is granted, and they are to submit a schedule of fees and costs for the court's approval. Additionally, the second amended complaint is ordered stricken on the court's own motion.

So ordered.