**LaBlance SCHAFFER, Mother and Administrator of the Estate of Kevin Young, Deceased, Plaintiff,**

v.

**CHICAGO POLICE OFFICERS, Detective Ryan, Detective O'Brien, Star # 15688, Sgt. Logan, Lt. Kelly and other unknown Chicago Police Officers, Defendants.**

No. 88 C 1800.

United States District Court, N.D. Illinois, E.D.

June 21, 1988.

John D. Brennan, Chicago, Ill., for plaintiff.

Stanley Sacks, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Attorney John D. Brennan has filed an appearance in this civil rights action under 42 U.S.C. § 1983 (1982) on behalf of plaintiff LaBlance Schaffer. Although Brennan drafted Schaffer's complaint, he has purposely not signed Schaffer's complaint and has instead filed the complaint with only Schaffer as signatory. Defendants, four named Chicago police officers and "Other Unknown Chicago Police Officers," have moved to strike Schaffer's complaint pursuant to Fed.R.Civ.P. 11 for failure of Brennan to sign the complaint. For the reasons stated below, we grant that motion.

Schaffer's complaint essentially alleges that Chicago police officers used excessive force in effectuating the arrest of Schaffer's son and that as a result Schaffer's son died. There are apparently two versions of what happened to Schaffer's son, and defendants' counsel represents that its evidence reveals Schaffer's son committed suicide. Of course, there is nothing unusual about parties to a lawsuit disagreeing over the underlying facts. What is unusual in this case is that plaintiff's attorney apparently has so little faith in the truth of his client's position that he refuses to sign the complaint unless his client agrees to reimburse him for any Rule 11 sanctions this Court may assess against him.

Rule 11 requires that "[e]very pleading ... of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name...." This signature "constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact...." Fed.R.Civ.P. 11. Rule 11 also provides that "[i]f a pleading ... is not signed, it *shall* be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Fed.R.Civ.P. 11. *Accord, Stewart v. City of Chicago,* 622 F.Supp. 35, 37–38 (N.D.Ill. 1985).

If the court determines that a complaint was filed in violation of this certificate, then it must assess sanctions under Rule 11. *Szabo Food Services, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1082 (7th Cir.1987), *cert dism'd,* — U.S. —, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). " 'The test under Rule 11 is objective: litigation must be grounded in objectively reasonable view of the facts and the laws, and, if not, the lawyer or party proceeding recklessly must foot the bill.' " *In re Ronco, Inc.,* 835 F.2d 212, 217 (7th Cir.1988) (citation omitted). The standard for imposing sanctions is one of reasonableness under the circumstances. *Brown v. National Board of Medical Examiners,* 800 F.2d 168, 171 (7th Cir.1986). Rule 11 requires an attorney to make a reasonable inquiry into the factual and legal basis for the claims as-

serted. *Id.* at 171–72. The failure of an attorney to make an objectively reasonable investigation of the facts underlying a claim of the applicable law justifies the imposition of Rule 11 sanctions. *In re Ronco,* 838 F.2d at 217.

Schaffer responds to defendants' motion to dismiss by explaining that her attorney did not sign the complaint because she would not be willing to reimburse him for any Rule 11 sanctions assessed in this case. This reasoning is based on an erroneous underlying premise, i.e., that Rule 11 sanctions specifically assessed against an attorney are recoverable from a client. At least in this Court, such sanctions are not recoverable from a client. To allow that would effectively negate one of the purposes of Rule 11, i.e., to interpose a reasonable attorney's assessment of the merits of dispute between a potential litigant and a potential defendant. If attorneys could just bargain away their responsibilities under Rule 11, it would cease to be an effective tool against abuse. Rule 11 is designed not only to deter abuse by parties, but to deter attorneys from voluntarily and intentionally representing unfounded and unmeritorious litigation positions taken by the attorney's client. An attorney must advise his client that the client's position is frivolous. Under the disciplinary rules, an attorney may not take action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another. DR 7–102(a)(1). Additionally, under DR 7–102(a)(2), an attorney may not knowingly advance a claim that is unwarranted or not a good faith argument for an extension, modification or reversal of existing law. Accordingly, should an attorney knowingly file a complaint that after reasonable inquiry was not well grounded in fact, sanctions would be assessed against the attorney directly, and the attorney could not recover the sanctions from the client.[1]

Schaffer's response to defendants' motion to strike contains another implicit

misunderstanding of the law. Her attorney has not signed the complaint because she apparently will not agree to reimburse the attorney for Rule 11 sanctions. However, a plaintiff is in no way isolated from Rule 11 sanctions by filing *pro se. Shrock v. Altru Nurses Registry,* 810 F.2d 658, 661 (7th Cir.1987). *Pro se* plaintiffs also have a duty to investigate the factual basis of their lawsuit. *Id.* at 661–62. *See generally,* Comment, *Ask Questions First and Shoot Later: Constraining Frivolity in Litigation Under Rule 11,* 40 *U. Miami L.Rev.* 1267, 1281–1284 (1986).

Schaffer next suggests that this Court "review the circumstantial evidence accumulated by Plaintiff's investigation into this matter and on its own motion and discretion find that any sanctions that may be imposed by any further proceedings under Rule 11 are not warranted and that this matter was filed in compliance with Rule 11." Essentially, Schaffer wants an advisory opinion as to whether her complaint satisfies Rule 11. Obviously, we have no jurisdiction to render advisory opinions. *Muskrat v. United States,* 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911). Should plaintiff proceed (either *pro se* or with counsel) with this action, we may, on our own review of the complaint or upon motion by defendants following the conclusion of this case, have occasion to decide whether the complaint was filed in violation of Rule 11. Of course, if we conclude that it was so filed, then we will assess appropriate sanctions.

Schaffer also argues that if she must proceed *pro se* without her counsel's assistance or without appointed counsel, "she will be denied due process of law." We disagree. There is no due process right to proceed with litigation which violates Rule 11.

Because Schaffer's attorney has refused to sign the complaint "promptly after the omission" was called to his attention, we must strike the complaint. According-

---

1. However, should a client mislead an attorney as to the facts or purpose behind a proceeding, then the sanctions most likely would be assessed solely against the client. *See Chevron U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir. 1985).

ly, we strike Schaffer's complaint.  It is so ordered.