## Leidy v. Kuhn

*Ivan P. Leidy,* in propria persona.
*William C. Kuhn,* for defendants.

ACKER, *P.J.,* August 26, 1991—We have for consideration a request for a rule to show cause why this court should not impose sanction on Ivan P. Leidy, respondent, in the form of attorney's fees and penalty for wrongful use of civil process.*

The matter came for hearing on July 29, 1991, at which time both Ivan P. Leidy and William C. Kuhn testified.

This court had filed an opinion and order on April 9, 1991, sustaining the demurrers filed to plaintiff's action. From the testimony received and the records filed on this and companion cases, we make the following

### FINDINGS OF FACT

(1) Petitioner, William C. Kuhn, is a licensed lawyer duly admitted to practice law for the several courts of the Commonwealth, and federal courts, maintaining an office for the practice of law at 7 West State Street, Sharon, Mercer County, Pennsylvania.

(2) Plaintiff-respondent, Ivan P. Leidy, is an individual residing at 478 Nimick Street, Sharon, Mercer County, Pennsylvania.

(3) Plaintiff-respondent, Ivan P. Leidy, is not a licensed lawyer and acted pro se in instituting the

---

* This action is filed pursuant to the Act of December 19, 1980, P.L. 1296, No. 232, §1, 42 Pa.C.S. §8351 et seq., (including section 8355, titled Wrongful Use of Civil Process).

subject civil litigation and in numerous other cases as will be recited hereafter.

(4) On December 3, 1990, plaintiff, Ivan P. Leidy, filed his original complaint naming William C. Kuhn, the *Herald* and Ottoway Newspapers Inc. as defendants.

(5) The original complaint was never served upon the *Herald* or Ottoway Newspapers Inc., but was served upon William C. Kuhn.

(6) William C. Kuhn filed preliminary objections to plaintiff's complaint in the nature of a demurrer.

(7) On February 4, 1991, this court entered an order granting defendant's demurrer to plaintiff's original complaint, but granting plaintiff 20 days in which to file an amended complaint. Plaintiff, Leidy, then filed and served in a timely manner an amended complaint on defendant Kuhn only.

(8) Defendant Kuhn thereafter again filed preliminary objections in the nature of a demurrer to plaintiff Leidy's amended complaint.

(9) On April 10, 1991, this court filed an opinion and order granting defendant's demurrer and dismissing plaintiff Leidy's amended complaint with prejudice, stating in the last paragraph thereof of the opinion, "Our examination of the amended complaint and the claims raised against defendant William Kuhn show them to be baseless. No amount of reformation could allow plaintiff to state a valid cause of action under the facts alleged. We, therefore, dismiss the amended complaint with prejudice."

(10) Plaintiff Leidy has not filed a notice of appeal with this court and the time for doing so has expired.

(11) Plaintiff Leidy has filed other actions against other persons and entities, in both this court and in the Western District Federal Court, which have

proven to be equally without merit and patently frivolous. They are as follows:

(a) *Leidy v. City of Sharon,* no. 899 C.D. 1982, Court of Common Pleas of Mercer County, subsequently withdrawn.

(b) *Leidy (pro se) v. City of Sharon,* no. 705 C.D. 1983, action dismissed by the Court of Common Pleas of Mercer County and affirmed by the Commonwealth Court.

(c) *Leidy (pro se) v. City of Sharon, Board of Education School Teachers' Association, Dept. of Education of the Commonwealth of Pennsylvania,* no. 474 C.D. 1985. Dismissed by the Court of Common Pleas of Mercer County, affirmed by the Commonwealth Court, appeal denied by the Pennsylvania Supreme Court.

(d) *Ivan P. Leidy (pro se) v. Jim Sarvas, individually and/or d/b/a Sharon Ford,* no. 1025 C.D. 1989, Court of Common Pleas of Mercer County.

(e) *Ivan P. Leidy (pro se) v. Jim Sarvas and/or d/b/a Sharon Ford,* no. 886 C.D. 1990. Preliminary objections to the complaint sustained. The complaint stricken with prejudice.

(f) *Ivan P. Leidy (pro se) v. McDowell National Bank, Routman, Moore, Goldstone and Valentino (and all other members of the firm individually) and Cyril T. Garvey, Esq.,* no. 1248 C.D. 1990. Complaint stricken on demurrer.

(g) *Ivan P. Leidy and Vito Manilla v. Sharon Herald and Ottoway Newspapers Inc. et al.,* no. 995 C.D. 1990. Demurrer sustained to amended complaint. Attorney's fee and $500 as sanctions granted by court. Appealed by Leidy and as of this date undecided.

(h) In 1987 plaintiff Leidy filed an action in the United States Federal District Court for the Western District of Pennsylvania against John Q. Stranahan,

President Judge and Francis J. Fornelli, Judge, of this court at no. 87-1427. The dismissal of that action by the District Court was sustained by the U.S. Court of Appeals for the Third Circuit.

(i) In 1988 plaintiff, Leidy, filed a civil action in the United States District Court for the Western District of Pennsylvania on behalf of himself and Mary L. Stevenson, a former Controller of Mercer County, as plaintiffs against the Sharon Herald Company, Ottoway Newspapers Inc. and Youngstown Vindicator Newspaper Company as defendants, at no. 88-860. Chief Judge Maurice B. Cohill Jr. of the United States District Court for the Western District of Pennsylvania filed a memorandum order sua sponte dismissing the complaint with prejudice as "wholly insubstantial and patently frivolous."

(j) Plaintiff Leidy then appealed this decision to the United States Court of Appeals, Third Circuit, Docket no. 88-3291. That court entered an order affirming the decision of the District Court against plaintiff Leidy and dismissing the appeal on behalf of the appellant, Stevenson.

(k) Plaintiff Leidy filed a petition for a writ of certiorari with the United States Supreme Court naming as respondents President Judge John Q. Stranahan, Judge Francis J. Fornelli, Sharon Herald Newspaper Company, Ottoway Newspaper Inc. and Youngstown Vindicator Newspaper Company. Leidy's petition for certiorari encompassed the judgment order of the United States Circuit Court of Appeals in favor of the *Herald,* Ottoway Newspapers Inc., and the *Vindicator* on October 13, 1988, and the opinion and order of the United States District Court for the Western District of Pennsylvania entered on November 9, 1987, which dismissed an earlier action filed by Leidy against John

Q. Stranahan and Francis J. Fornelli at no. 871427 in the United States District Court for the Western District of Pennsylvania. The petition was denied by the United States Supreme Court.

(12) A petition for counsel fees was pending in the above action of *Leidy and Manilla v. Epstein, Wareham, Sharon Herald, Ottoway Newspaper and the City of Sharon,* at No. 995 C.D. 1990, when plaintiff, Ivan P. Leidy, filed the present action against petitioner, William C. Kuhn.

(13) Respondent, Ivan P. Leidy, has declared in open court and the court accepts his declarations that he will continue to file actions against William C. Kuhn.

(14) The sustaining of the demurrers to the original and amended complaint are discussed in our opinion of April 8, 1991, at the above-captioned number and term which is incorporated herein and made a part hereof and will not be repeated.

(15) This court and no. 995 C.D. 1990 on January 30, 1991, applied 42 Pa.C.S. §8355 and required respondent, Ivan P. Leidy, to pay through this court to the *Sharon Herald* and Ottoway Newspapers Inc., their expenses of $1,250 and an additional civil penalty in the amount of $500. We did not make an award of attorney's fees, costs, or civil penalty as to the action of Ivan P. Leidy and Mary L. Stevenson, plaintiffs, against *Sharon Herald,* Ottoway Newspapers, and *Youngstown Vindicator,* at no. 88-860 United States District Court for the Western District of Pennsylvania, because of lack of jurisdiction.

(16) Respondent filed his amended complaint at no. 1557 C.D. 1990 against William C. Kuhn, the *Herald* and Ottoway Newspapers Inc. after our opinion and order of January 30, 1991. He was, therefore, informed as to his errors in pleading, but

in large measure repeated the same errors in his amended complaint at 1557 C.D. 1990.

(17) William Kuhn, petitioner, is a licensing practicing attorney who expended 14 hours of time in the defense of this action. Attorney Kuhn testified, and we accept, that he charges $90 per hour for his services, and that he incurred secretarial word processing expense of $85 for a total of $1,345.

(18) Respondent wrote to this court a letter prior to his appearance in court for argument in this matter. In that letter, which has been made a part of the record, respondent, Leidy, states, "I am writing you this letter because I just about shot the wrong man." Further, "I think that you and I should have a little talk before somebody gets shot. I intend to spend the rest of my life fooling around in the courts of this county. Maybe someday I will take you to court just for the hell of it. Don't forget you won't be the first judge that I took to court. I will fight to the last breath of air in my lungs."

After reviewing this letter with respondent in open court, and offering to withdraw as trial judge, respondent stated he wished that the trial judge not recuse himself.

## DISCUSSION

We recognize that respondent is a pro se party. There is a scarcity of Pennsylvania decisions construing this statute, 42 Pa.C.S. §8355, but there are many decisions under the nearly identical Federal Rule 11. It has been held that pro se litigants are not immune from Rule 11 sanctions. *Dean v. ARA Environmental Services Inc.*, 124 F.R.D. 224 (N.D. Ga. 1988). A movant does have a greater burden in bringing a Rule 11 motion against a non-lawyer. *Fischer v. Samuel Montagu Inc.*, 125 F.R.D. 391

(S.D.N.Y. 1989). Nevertheless, the liability under Rule 11 has been held against numerous pro se plaintiffs who violated the sanctions of Rule 11. *McKeown v. LTD Steel Company,* 117 F.R.D. 139 (N.D. Ind. 1987); *Dean v. ARA Environmental Services Inc., supra; Moeller v. U.S.,* 127 F.R.D. 160 (W.D. Ark. 1989).

If plaintiff did not know how to plead prior to the opinion of Stranahan, *P.J.,* which pointed out the errors of his way, he would have learned by reading that opinion. Further, a second comprehensive opinion was written by Fornelli, *J.,* prior to this action. The action against Judges Stranahan and Fornelli was filed at no. 87-1427 and the suit was dismissed by the District Court of the United States, and affirmed by the Third Circuit Court of Appeals in *Leidy v. Stranahan,* 865 F.2d 251 (3d Cir. 1988).

Where there is clearly harassment and where the litigant should know that the complainant has no hope whatsoever of success, sanctions of Rule 11 are imposed. *Saltony v. Reagan,* 886 F.2d 838 (D.C. Cir. 1989). Other cases where fines have been imposed are: *McKeown v. LTD Steel Company, supra; Carlton v. Estate of Carlton,* 48 B.R. 1012 (B.C. Ariz. 1985); *Mir v. Little Company of Mary Hospital,* 844 F.2d 646 (9th Cir. 1988).

In *Schaeffer v. Chicago Police Officers,* 120 F.R.D. 514 (N.D. Ill. 1988), it was held that a pro se plaintiff had the duty to investigate the facts and the legal basis for the suit before filing. Failure to do so subjected her to Rule 11 sanctions.

In *Hilgeford v. Peoples Bank Inc., Cortland, Indiana,* 652 F.Supp. 230 (N.D. Ind. 1986), Rule 11 was held to apply even though it was a pro se action. At page 235, it was noted that the advisory committee for the Federal Rules made it clear that Rule 11 provisions were designed to "discourage dilatory or

abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses." The same standard applies to pro se litigants as to others. It was held that the extensive conduct of plaintiffs consisted of harassment and was in direct violation of Rule 11.

We conclude that the instant action with service only upon William Kuhn was in bad faith and for an improper purpose.

Hence, this

## ORDER

And now, on this August 26, 1991, it is the order of the court that the prayer of the petition for attorney's fees in the amount of $1,260 and secretarial word processing expense in the amount of $85, or a total of $1,345, is granted. In addition, a civil penalty is ordered as authorized by 42 Pa.C.S. §8355 in the amount of $1,000. It is ordered these monies shall be paid within 30 days through the Office of the Prothonotary of this court.

