Leon **MARTIN** and Barry Newhart, **Plaintiffs,**

v.

**FARMERS FIRST BANK, Kenneth Ressler, John Berkes, Robert Pfannebecker, Daniel Malpezzi, esq., and all unknown John Does, Defendants.**

Civ. A. No. 92–6169.

United States District Court, E.D. Pennsylvania.

July 2, 1993.

---

Leon Martin, pro se.

Barry Newhart, pro se.

M. Duncan Grant, Marian C. Miller, Pepper, Hamilton & Scheetz, Philadelphia, PA, ·for defendants.

### MEMORANDUM

HUYETT, District Judge.

Plaintiffs Leon Martin and Barry Newhart, proceeding *pro se,* filed a complaint on October 27, 1992 against Farmers First Bank, two bank employees, and two attorneys engaged by the bank, seeking compensatory, exemplary, and punitive damages

against all Defendants in the amount of five million dollars. The complaint attempted to set forth claims against Defendants for alleged violations of (1) the Credit Control Act, 12 U.S.C. §§ 1901–1910, (2) the Truth in Lending Act, 15 U.S.C. §§ 1601–1666, (3) the Equal Credit Opportunity Act, 15 U.S.C. § 1691, (4) the Electronic Funds Transfer Act, 15 U.S.C. § 1693, (5) the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk, (6) Plaintiffs' constitutional rights under the First and Fourteenth Amendments, (7) Plaintiffs' constitutional and civil rights under 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988, (8) Plaintiffs' civil rights under 18 U.S.C. §§ 241 and 242, and (9) state tort and contract law. All Defendants filed motions to dismiss Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted and Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction over Plaintiffs' state law claims. The Court granted Defendants' motions and dismissed Plaintiffs' complaint with prejudice in its entirety. All Defendants have filed motions for sanctions against Plaintiffs pursuant to Fed.R.Civ.P. 11 seeking attorneys fees and expenses that they have incurred in defending this action. For the following reasons, Defendants' motions will be granted.

## I. Background

Plaintiffs Leon Martin and Barry Newhart, citizens of Pennsylvania, are partners in a Pennsylvania general partnership known as Masefield Associates. On November 14, 1986 Masefield Associates obtained two loans from Defendant Farmers First Bank (Bank)—a construction loan in the amount of $2.5 million and a term loan in the amount of $1 million. The loans were intended to finance the construction of a residential condominium project in Montour County, Pennsylvania. Masefield Associates executed, through Plaintiffs, two notes in favor of the Bank. The loans were secured by collateral described in a business financing agreement and by the personal guarantees of Plaintiffs and their wives. In addition, each Plaintiff and his wife executed an affidavit and waiver acknowledging that each of the notes contained a confession of judgment clause and

that the Bank had a right to enter judgment against them at its discretion. Finally, Masefield Associates, through Plaintiffs, executed two mortgages totalling $3.5 million in favor of the Bank as further security for the two loans.

The construction loan matured on November 14, 1988, but the Bank attempted to work with Plaintiffs to bring the loan current. By April 1992, Plaintiffs were in arrears on interest payments on the construction loan and payments on the term loan were chronically delinquent. The Bank demanded immediate payment of the entire outstanding principal balance due on each loan, together with accrued interest, and confessed judgment in ejectment against Plaintiffs on August 3, 1992 in the Court of Common Pleas for Montour County.

Plaintiffs filed their complaint on October 27, 1992 alleging, among other things, that the loan instruments were contracts of adhesion, that the loan instruments contained waiver provisions that violated their constitutional rights, that Defendants failed to make required statutory disclosures, that Defendants failed to grant Plaintiffs the right to defer payment when Defendants knew that Plaintiffs were unable to make payments because of circumstances beyond their control, and that Defendants initiated litigation against them when there were alternatives available. Defendants timely moved to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Plaintiffs responded by filing papers captioned "Notice of Default" and "Notice to the Clerk of Court to Enter Judgment by Default." Plaintiffs claimed that Defendants were in default because they filed motions to dismiss in response to the complaint rather than an answer as required by the Federal Rules of Civil Procedure. Defendants responded by asserting, correctly, that a motion to dismiss may be filed in lieu of an answer to a complaint, Fed.R.Civ.P. 12, and the Court granted their motions to strike the notice of default and to deny Plaintiffs' request for a default judgment. Orders dated February 9, 1993.

Defendants have brought to the attention of this Court an action commenced in this district by Irwin and Grace Engle against Meridian Bank and others that is substantially similar to the action commenced by these Plaintiffs. *Engle v. Meridian Bank,* Civil Action No. 92–3618 (E.D.Pa. filed June 22, 1992). *See* Defendants' Memorandum of Law Exhibit B. The Engles sought to recover compensatory, exemplary, and punitive damages for alleged violations of the Civil Rights Act of 1871, the Truth in Lending Act, the Credit Control Act, the Electronic Funds Transfer Act, the Securities Act of 1933, the Securities Exchange Act of 1934, the Consumer Protection Act, and the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. These alleged violations occurred in connection with a loan transaction. The collateral securing the loan, a farm, was sold at a sheriff's sale following the Engles' default. *See* Defendants' Memorandum of Law Exhibit I. A comparison of the Engles' complaint with Plaintiffs' complaint reveals that the two complaints are substantially similar, and in some instances identical. *See* Defendants' Memorandum of Law Exhibit F. Both complaints are based on allegedly improper commercial loan transactions and both attempt to state violations of nearly identical statutory and constitutional provisions. In some sections, Plaintiffs' complaint contains exactly the same, or nearly identical, language as the Engles' complaint. Both complaints seek exactly the same remedies in precisely the same amounts.

Furthermore, the Engles, like Plaintiffs, filed documents captioned "Notice of Default on Complaint," "Notice to the Clerk of Court to Enter Judgment by Default," and "Judicial Notice of a Special Request for Investigation by the U.S. Attorney General Pursuant to U.S.C. Sec. 241, 242 and Other U.S. Statutes." *See* Defendants' Memorandum of Law Exhibits G, H, and K. A comparison of the documents filed in both actions reveals that Plaintiffs' documents are identical to—in format, typeface, and content—the documents filed by the Engles in June and August of 1992.

On August 31, 1992 the Honorable Edward N. Cahn dismissed the Engles' action. While he dismissed the action because the Engles' failed to respond to the defendants' motion to dismiss and because the statute of limitations barred any claims they might have had, he also noted that their civil rights claims lacked merit because the Engles failed to allege that the defendants were acting under color of state law or with racial or class-based animus, and that the Credit Control Act does not provide a private right of action. *Engle v. Meridian Bank,* No. 92–3618 (E.D.Pa. Aug. 31, 1992) (order granting motion to dismiss). *See* Defendants' Memorandum of Law Exhibit C.

On the same day, Judge Cahn denied the Engles' motion for the entry of a default judgment, explaining that the Federal Rules of Civil Procedure allow a defendant to file a motion to dismiss in lieu of an answer to a complaint. *Engle v. Meridian Bank,* No. 92–3618, slip op. at 1 n. 1 (E.D.Pa. Aug. 31, 1992) (order denying motion for entry of default judgment). *See* Defendants' Memorandum of Law Exhibit J.

## II. Discussion

■ Federal Rule of Civil Procedure 11 requires a party who signs a pleading, motion, or other paper to conduct a reasonable inquiry to assure that the document is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The purpose of Rule 11 is to deter the initiation of frivolous lawsuits and to streamline the administration of the federal courts. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). A person must "stop, think, investigate and research" before initiating a lawsuit or filing a paper. *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir.1987).

■ Rule 11 imposes a duty on both counsel and unrepresented parties of reasonable inquiry as to both facts and law, although it is not intended to chill a person's enthusiasm or creativity in pursuing factual or legal theories. *Dura Systems, Inc. v.*

*Rothbury Investments, Ltd.,* 886 F.2d 551, 556 (3rd Cir.1989). The Third Circuit has articulated the standard as one of reasonableness under the circumstances. *Id.* "The court must evaluate the signer's conduct 'by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted,' an evaluation which should depend on a variety of factors, including 'whether the pleading, motion, or other paper was based on a plausible view of the law.'" *Id.* This "reasonableness standard" is to be viewed objectively rather than subjectively. *Id.* Rule 11, as amended in 1983, is drafted as a mandatory rule which the district courts must follow when they are presented with the appropriate offending conduct. Fed. R.Civ.P. 11. Congress enacted the current version of Rule 11 in part to overcome the reluctance of the courts to impose sanctions under the pre–1983 version of the rule. *Cooter & Gell v. Hartmarx,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990).

 Rule 11 sanctions shall be imposed in the exceptional circumstance where a pleading or motion is patently without merit or frivolous. *Dura Systems,* 886 F.2d at 556. While a *pro se* complaint is held to less stringent standards than formal pleadings drafted by trained lawyers, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971), *pro se* plaintiffs are not excused from the requirements of Rule 11. Fed.R.Civ.P. 11 Advisory Committee Notes; *Schaffer v. Chicago Police Officers,* 120 F.R.D. 514, 516 (N.D.Ill.1988). A court may take a person's status as a *pro se* litigant into account, however, when considering Rule 11 sanctions. *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir.1990).

 A review and comparison of the complaints and other papers filed in *Engle v. Meridian Bank* and in this action leads the Court to conclude that Plaintiffs modeled their complaint and other papers after those of the Engles. Rule 11 does not prohibit the use of form or model pleadings, but a party who uses such pleadings is still subject to Rule 11's command to undertake a reasonable inquiry to ensure that the complaint is well grounded in fact and law. Rather than undertaking such an inquiry, Plaintiffs merely changed the caption of the Engles' complaint, edited certain of the substantive allegations without altering their content, and filed the complaint with little regard for the merit of their claims.

The duty of reasonable inquiry required Plaintiffs to go beyond using the Engles' complaint as a model, to investigate whether the court took any action on the Engles' complaint, and if so, the nature of the court's action. Had Plaintiffs conducted a reasonable inquiry, they would have discovered that the court dismissed the Engles' complaint on August 31, 1992 and would have learned that to state a claim under 42 U.S.C. § 1983 they were required to allege that the defendants acted under color of state law, and that to state a claim under 42 U.S.C. § 1985(3) they were required to allege that the defendants acted with racial or class-based animus. Plaintiffs also would have learned that the Credit Control Act, 12 U.S.C. §§ 1901–1910, does not provide a private right of action. Having learned these things, perhaps Plaintiffs would have paused and investigated whether the other statutory sections that they cited in their complaint provided private causes of action and whether, even if they did, they applied to the facts of Plaintiffs' situation.

Furthermore, even without regard to the Engles' complaint and whether Plaintiffs should have investigated the disposition of the case, it is clear from Plaintiffs' complaint that Plaintiffs failed to conduct an objectively reasonable inquiry into the facts and law. For example, Plaintiffs' complaint refers repeatedly to the "good faith contract clause" of the First Amendment. Had Plaintiffs read the First Amendment they would have discovered that it does not contain such a clause. Similarly, Plaintiffs cited the definition of credit in the Equal Credit Opportunity Act, 15 U.S.C. § 1691a(d). Had Plaintiffs actually read the statute they would have discovered that it deals with discrimination against credit applicants on the basis of race, color, religion, national origin, sex, or marital status. The failure of Plaintiffs to allege discrimination based on any of these factors shows that they did not conduct an objective-

ly reasonable inquiry into the law. Another example is Plaintiffs' citation of sections of the Truth in Lending Act. Had Plaintiffs actually read the act, they would have discovered that it does not apply to transactions involving extensions of credit primarily for business purposes. 15 U.S.C. § 1603(1). In sum, Plaintiffs failed to conduct a reasonable inquiry into the facts and the law before filing their complaint and thus violated Rule 11.

■ In addition, Plaintiffs violated Rule 11 by filing the papers relating to default against Defendants. Plaintiffs knew at the time that they filed these papers that Defendants had filed motions to dismiss. Plaintiffs cited Federal Rules of Civil Procedure 7 and 8 as support for their assertion that a motion to dismiss is not an answer as required by those rules. Plaintiffs ignored Rule 12, a careful reading of which would have informed them that Defendants were allowed to file motions to dismiss instead of answers to the complaint.

Furthermore, a comparison of the papers relating to default in this case and the Engles' case reveals that Plaintiffs copied their papers from the Engles' papers verbatim. Again, Rule 11 does not prohibit the use of forms, but Plaintiffs violated the rule because they failed inquire whether the court acted on the Engles' default papers, and if so, what the court decided. Had Plaintiffs conducted a reasonable inquiry, they would have discovered that on August 31, 1992 the court denied the Engles' motion for a default judgment and that the court stated in clear language that "[t]he Federal Rules of Civil Procedure clearly provide that a 12(b)(6) Motion may be filed in lieu of an answer to a complaint, and that an answer need not be filed until 10 days *after* the court has ruled on the 12(b)(6) Motion." *Engle v. Meridian Bank*, No. 92–3618, slip op. at 1 n. 1 (E.D.Pa. Aug. 31, 1992) (order denying motion for default judgment) (emphasis in original).

### III. Conclusion

The federal courts have an obligation to remain available for persons to seek relief against those who have acted in violation of federal laws and who have violated those persons' civil and constitutional rights. At the same time, however, persons who seek to use the federal courts have an obligation to "stop, think, investigate, and research" before commencing an action. Plaintiffs failed to meet this obligation. Therefore, sanctions are appropriate to punish Plaintiffs for their failure and to deter the filing of frivolous lawsuits in the future.

Appropriate orders follow.

### ORDER

Upon consideration of the Motion of Defendant Robert Pfannebecker for Rule 11 Sanctions Against Plaintiffs (Document No. 29), Plaintiffs' response, and for the reasons stated in the foregoing memorandum, the motion is GRANTED. Plaintiffs shall pay the reasonable attorneys fees and expenses of Defendant Pfannebecker that he incurred in defending this action in an amount to be determined by the Court in a forthcoming order. Defendant Pfannebecker shall file and serve, within ten days of the entry of this order by the Clerk, an affidavit setting forth an itemized account of his attorneys fees and expenses so incurred. Plaintiffs may respond within ten days of service.

IT IS SO ORDERED.