BOUDIN, Circuit Judge
(concurring).
The sanction in this case rested, it appears, not upon a single act but on a cumulative course of conduct: the successive proffer and then abandonment of four successive lead plaintiffs; an inference of inadequate and arguably careless investigation in most or all of these four instances; and the suspicious failure to explain at all why the fourth plaintiff was withdrawn. That the result — a defunct law suit — wasted court time and imposed litigation costs on the defense can scarcely be doubted.
The record permits a finding of recurring negligence. The first plaintiff had settled before the case was brought; the second, even if he originally consented to proceed, does not seem to have had any serious commitment to the case; the third had not used Phillips screws; and the fourth was pulled without explanation — the fair inference being that problems had again been belatedly identified. True, the firm later offered new exculpatory affidavits, but the district court permissibly declined to consider them.
The law is thin as to whether the vexatious litigation statute is violated by successive acts of negligence, doubtlessly prolonging the litigation but aimed (however fumbling the efforts) at success on the merits rather than harassment. The cases say that simple negligence is not enough[6] but, where the facts involve successive acts of negligence, the courts sometimes uphold sanctions, using the phrase “bad faith” but without any indication that it rests on more than repeated error.[7] Here, the district court s comment on the firm s affidavit about the deck inspection suggests that the judge thought it worse than mere negligence.
Nevertheless, strictly speaking it is possible (if unlikely) that the second plaintiff (VanLandingham) — was originally on board with qualification and then simply reversed course; and while the firm’s initial affidavit on the suitability of Cox as the third lead plaintiff is no model of clarity (e.g., as to who supposedly did the deck inspection), it is hard to tell without more facts whether it was also disingenuous — as the district judge implied — or just what inquiries the firm had made.
There is a good deal of carelessness in litigation and, where the trial judge thinks the situation is serious enough to take the time for sanctions, the judge on the scene is entitled to a healthy latitude in making the ultimate judgment. Still, the stakes are high when a law firm is sanctioned for improper behavior, Obert v. Republic Western Ins. Co., 398 F.3d 138, 143 (1st Cir.2005), and the risk remains that sanctions may be sought for tactical reasons-for example, to discourage litigation. There having been no evidentiary hearing, the lack of clarity in the record can justify a remand, especially as our precedents on fault-based lawyer sanctions have been fairly strict. Obert, 398 F.3d at 146-47; Young v. City of Providence, 404 F.3d 33, 40-41 (1st Cir.2005). It would be a different matter if, after Cox had been withdrawn, the district court had held that three strikes were enough and simply declined to allow any further amendment.

. See, e.g., United States v. Wallace, 964 F.2d 1214, 1219 (D.C.Cir.1992); Cruz v. Savage, 896 F.2d 626, 632 (1st Cir.1990); In re Ruben, 825 F.2d 977, 984 (6th Cir.1987).

. O'Rear v. American Family Life Assur. Co. of Columbus, Inc., 144 F.R.D. 410, 413-14 (M.D.Fla.1992); Stewart v. City of Chicago, 622 F.Supp. 35, 37-38 (N.D.Ill.1985).